JOURNAL ENTRY AND OPINION
{¶ 1} The Cuyahoga County Grand Jury indicted defendant-appellant, James Steele, on one count of aggravated murder, in violation of R.C.2903.01(A), with repeat violent offender and notice of prior conviction specifications. At arraignment, the trial court assigned counsel for appellant and he pled not guilty to the indictment.
 {¶ 2} Subsequently, the State amended the indictment to murder, in violation of R.C. 2903.02, and deleted the specifications, and appellant pled guilty to the amended indictment. The trial court found appellant guilty of murder and sentenced him to 15 years to life in prison.
 {¶ 3} This court later granted appellant's motion to file a delayed appeal pursuant to App.R. 5(A).
 {¶ 4} In his single assignment of error, appellant contends that his guilty plea was not made knowingly, intelligently and voluntarily as required by Crim.R. 11(C) and the United States and Ohio Constitutions. Specifically, appellant claims that the trial court failed to explain the individual elements of murder, and failed to inform him of his right to a non-jury trial and right to appeal, that a guilty plea constitutes a complete admission of guilt, and that the court, upon accepting appellant's guilty plea, could proceed immediately to sentencing. Finding no merit to appellant's arguments, we affirm.
 {¶ 5} Crim.R. 11(C) provides, in relevant part:
 {¶ 6} "(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
 {¶ 7} "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
 {¶ 8} "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 {¶ 9} "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."
 {¶ 10} The underlying purpose of Crim.R. 11(C) is to convey certain information to a defendant so that he or she can make a voluntary and intelligent decision regarding whether to plead guilty. State v. Olds
(June 8, 2001), Cuyahoga App. No. 76240, citing State v. Ballard (1981),66 Ohio St.2d 473, 479-480.
 {¶ 11} In determining whether the trial court has satisfied its duties, reviewing courts have distinguished constitutional and non-constitutional rights. Id.; State v. Steward (1977), 51 Ohio St.2d 86,93; State v. Gibson (1986), 34 Ohio App.3d 145, 147. Under the more stringent standard for constitutionally protected rights, a trial court's acceptance of a guilty plea will be affirmed only if the trial court engaged in meaningful dialogue with the defendant which, in substance, explained the pertinent constitutional rights "in a manner reasonably intelligible to that defendant." Ballard, supra, at paragraph two of the syllabus.
 {¶ 12} Under the broader standard for rights not protected by the constitution, reviewing courts consider whether the trial court substantially complied with the requirements of Crim.R. 11(C)(2) and whether the defendant subjectively understood the implications of his or her plea and the nature of the rights he or she was waiving. State v.Nero (1990), 56 Ohio St.3d 106, 108; Stewart, supra, at 93. The Ohio Supreme Court has observed that there is no easy or exact way to determine what someone subjectively understands. State v. Carter (1979),60 Ohio St.2d 34, 38. Accordingly, "if the defendant receives the proper information, then we can ordinarily assume that he understands that information. [In deciding whether the defendant had the required information,] we look at all the particular facts and circumstances surrounding the case." Id. at 38.
 {¶ 13} Appellant first complains that the trial court failed to inform him of the right to a bench trial. Although Crim.R. 11 requires courts to inform defendants of the right to a jury trial, there is no requirement that trial courts are likewise required to inform defendants of the right to a bench trial. Indeed, in State v. Luster (June 20, 1985), Cuyahoga App. No. 49248, this court held there was no such requirements where the trial court had informed the defendant of his right to a jury trial. The record demonstrates that the trial court informed appellant of his right to a jury trial; his argument is therefore without merit.
 {¶ 14} Appellant next complains that the trial court failed to inform him of his right to appointed or retained counsel. The record reflects that the trial court appointed two lawyers for appellant, however, and that both were present at the plea hearing. Where a defendant is actually represented by counsel and counsel is present at the plea hearing, the trial court is not required to inform the defendant of the right to counsel. State v. Robinson (1998), 127 Ohio App.3d 395.
 {¶ 15} Appellant next complains that the trial court committed reversible error by failing to inform him that upon acceptance of his guilty plea, the trial court could proceed immediately to judgment and sentence. Because this is a non-constitutional right, the trial court must substantially comply with this requirement of Crim.R. 11(C). Although the trial court did not explicitly inform appellant that the court could proceed immediately to judgment and sentence, the court explained that appellant would be going to prison for the statutorily required term of 15 years to life, could not receive probation or judicial release, and would be subject to post-release control upon release from prison. Thus, sentencing was clearly discussed. Moreover, a defendant who challenges his plea on the basis that it was not knowingly, intelligently, and voluntarily made must demonstrate prejudice as a result of the alleged error. State v. Johnson (1988),40 Ohio St.3d 130, 133; Stewart, supra, at 93. The test is whether the plea would have otherwise been made. Id.; Nero, supra, at 108. Appellant has failed to demonstrate, or even argue, that he was prejudiced in any way by the trial court's alleged failure to explain that it could proceed immediately to judgment and sentence. Accordingly, appellant's argument lacks merit.
 {¶ 16} Appellant also claims that the trial court failed to inform him of his right to appeal. Crim.R. 11, however, does not contain any requirement that the trial court inform an accused of his or her right to appeal before the court accepts a guilty plea. Moreover, even if the trial court's failure to so inform appellant were error, we would find the error to be harmless, as appellant is obviously before this court on appeal.
 {¶ 17} Appellant next contends that the trial court erred in failing to advise him that his guilty plea would constitute a complete admission of guilt. Crim.R. 11(C)(2)(b) states that prior to accepting a plea, the trial court must inform the defendant of and determine that he or she understands "the effect of the plea." Crim.R. 11(B), captioned "Effect of guilty or no contest pleas," states that a plea of guilty "is a complete admission of the defendant's guilt." The record demonstrates that the trial court did not inform appellant that his guilty plea was a complete admission of guilt.
 {¶ 18} The right to be informed that a guilty plea is a complete admission of guilt is nonconstitutional and therefore is subject to review under a standard of substantial compliance. State v. Griggs,103 Ohio St.3d 85, 2004-Ohio-4415, at ¶ 12, citing Nero, supra, at 107. "Under the substantial compliance standard, we review the totality of circumstances surrounding [a defendant's] plea and determine whether he subjectively understood that a guilty plea is a complete admission of guilt." Id.
 {¶ 19} Here, the totality of the circumstances indicate that appellant understood he was admitting his guilt by pleading guilty. Before the judge spoke to appellant, trial counsel informed the judge that appellant wanted to withdraw his plea of not guilty and enter a guilty plea and that he understood he would be waiving his constitutional rights by entering the plea. After explaining those rights to appellant, the trial judge informed him that he would be going to prison for 15 years to life. When questioned, appellant told the judge that he had no questions about any of the rights he was waiving and, further, that he understood he was giving up those rights by entering his guilty plea.
 {¶ 20} In Griggs, supra, the Ohio Supreme Court considered the same argument made by appellant and held that "a defendant who has entered a guilty plea without asserting actual innocence is presumed to understand that he has completely admitted his guilt. In such circumstances, a court's failure to inform the defendant of the effect of his guilty plea as required by Crim.R. 11 is presumed not to be prejudicial." Id. at ¶ 19. Here, the record indicates that appellant understood the rights he would waive by pleading guilty. He did not assert that he was innocent of the crime and, in fact, indicated his understanding that he would be going to prison for at least 15 years. Accordingly, the record sufficiently demonstrates that appellant understood that by entering a guilty plea, he admitted to committing murder.
 {¶ 21} Contrary to appellant's argument, his assertion at sentencing that he acted in self-defense does not indicate that he did not understand the implications of his plea or the rights he was waiving. Even a defendant who repeatedly claims innocence during the actual plea hearing can still enter a valid guilty plea. North Carolina v. Alford
(1970), 400 U.S. 25, 91 S.Ct 160, 27 L.Ed.2d 162. Here, as discussed above, appellant indicated that he understood he was admitting his guilt and, accordingly, the trial court's failure to expressly inform him that his guilty plea was an admission of his guilt does not invalidate his plea.[1]
 {¶ 22} Finally, appellant claims that the trial court committed reversible error because it did not explain the elements of the murder charge to which he pled guilty. Appellant's argument is without merit. As this court has held, "courts are not required to explain the elements of each offense, or even to specifically ask the defendant whether he understands the charges, unless the totality of the circumstances shows that the defendant does not understand the charges." State v. Whitfield,
2003-Ohio-1504, at ¶ 14. There is nothing in this record to indicate that appellant did not understand the charge to which he plead guilty.
 {¶ 23} Appellant's assignment of error is therefore overruled.
Affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, Jr., P.J., and Calabrese, Jr., Concur.
[1] "Literal compliance with Crim.R. 11, in all respects, remains preferable to inexact plea hearing recitations. We continue to see no better means of ensuring that pleas are entered knowingly and voluntarily than informing defendants regarding all rights and matters addressed by Crim.R. 11." Griggs, supra, at n. 2. (citations omitted.)