JOURNAL ENTRY AND OPINION
{¶ 1} J.P.[1] appeals from his sentence on a single charge of attempted sexual misconduct. Among other errors, he contends that the trial court committed reversible error in not allowing him to speak at his sentencing and in offering no evidence of any consideration for his misdemeanor sentence. We vacate the sentence and remand for resentencing.
 {¶ 2} The record reveals that sometime in 2002, then seventeen-year-old J.P. began dating then fifteen-year-old A.S. The couple began a sexual relationship in late 2002, which continued through May of 2003 and J.P.'s eighteenth birthday. The couple broke up shortly thereafter but continued their sexual relationship, which ultimately resulted in A.S. becoming pregnant. She gave birth to the couple's son in February 2004.
 {¶ 3} A.S. returned to high school following the birth of her child, where she claimed that she continued to be harassed by J.P.'s friends. Although J.P. was no longer in school, he lived three doors down from A.S. and her parents, who claimed that he continued to harass the family.
 {¶ 4} As a result of this claimed harassment, A.S.'s parents filed a complaint against J.P. In April 2005, J.P. was charged with one count of unlawful sexual conduct with a minor, in violation of R.C. 2907.04(A). J.P. entered a plea of no contest and was found guilty of the lesser charge of attempted sexual misconduct, in violation of R.C. 2923.02. He was sentenced to sixty days in jail, thirty days suspended, and a $500 fine plus costs and five years' probation.
 {¶ 5} In his first assignment of error, J.P. asserts error in the trial court's denial of his right of allocution provided under Crim.R. 32(A)(1). He claims that he was prejudiced by this action since he was not permitted to comment as to the circumstances of the charges, his lack of prior convictions, or defend himself against the family's allegations.
 {¶ 6} Crim.R. 32(A) provides that before imposing sentence in a criminal trial, the trial court shall "address the defendant personally and ask if he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment." The Ohio Supreme Court has held that the provisions of Crim.R. 32(A) are mandatory in both capital and noncapital cases, absent invited error or harmless error. State v.Campbell, 90 Ohio St.3d 320, 2000-Ohio-183, paragraph two of the syllabus.
 {¶ 7} Trial courts must painstakingly adhere to Crim.R. 32, guaranteeing the right of allocution. State v. Green,90 Ohio St.3d 352, 2000-Ohio-182. A Crim.R. 32 inquiry is much more than an empty ritual: it represents a defendant's last opportunity to plead his case or express remorse. "Its legal provenance was the common-law right of allocution." Green v. United States,365 U.S. 301, 304, 81 S.Ct. 653.
 {¶ 8} A review of the record reveals that J.P.'s right of allocution was violated. The trial court did not personally address J.P. and ask for a statement, but instead proceeded directly to sentencing following statements from the victim and her family. For this reason, we find J.P.'s first assignment of error to have merit.
 {¶ 9} We therefore vacate J.P.'s sentence and remand for a complete resentencing.
 {¶ 10} Because of our determination on this first assignment of error and the resulting vacation of the sentence, we find J.P.'s remaining assignments of error moot.
It is ordered that appellant recover from appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
James J. Sweeney, P.J., and Kenneth A. Rocco, J., concur.
 APPENDIX
ASSIGNMENTS OF ERROR:
"I. THE COURT COMMITTED REVERSIBLE ERROR BY FAILING TO PERMITAPPELLANT TO SPEAK ON HIS OWN BEHALF AT SENTENCING.
 II. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION INIMPOSING SENTENCED ON APPELLANT WITHOUT CONSIDERING THESENTENCING FACTORS SET FORTH IN R.C. 2929.22
 III. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN ITBASED APPELLANT'S SENTENCE ON UNCHARGED AND UNRELATED CONDUCTTHAT WAS NOT SHOWN TO HAVE BEEN ACTUALLY COMMITTED BY APPELLANTBEYOND A REASONABLE DOUBT, AS WELL AS CONDUCT COMMITTED BYOTHERS, THEREBY VIOLATING APPELLANT'S RIGHT TO DUE PROCESS OF LAWAND A FAIR SENTENCING HEARING.
 IV. THE COURT'S PROBATION ORDER MUST BE REVERSED BECAUSE ITCONTAINED RESTRICTIONS UNRELATED TO THE OFFENSE AND WAS OVERLYBROAD SO AS TO IMPINGE ON APPELLANT'S LIBERTY.
 V. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN IMPOSINGA SENTENCE OF SIXTY DAYS, FIVE YEARS OF PROBATION AND A FINE ONAPPELLANT IN LIGHT OF THE FACTS OF THE CASE, THE BACKGROUND OFAPPELLANT AND THE SENTENCING FACTORS SET FORTH IN R.C. 2929.22
 VI. THE TRIAL COURT COMMITTED REVERSIBLE ERROR PREJUDICIAL TOAPPELLANT WHEN IT IMPOSED BOTH A FINE AND IMPRISONMENT WITHOUTPROVIDING REASON OR JUSTIFICATION FOR DOING SO."
[1] This court protects the identity of all juveniles. Similarly, the use of names of individuals that would disclose the identity of the child or victim shall also be described by initials.