[Cite as *State v. Lomax*, 2012-Ohio-4167.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98125**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## RODNEY LOMAX

DEFENDANT-APPELLANT

## JUDGMENT:
## AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-543073, CR-549126, and CR-549974

**BEFORE:**   Kilbane, J., Rocco, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:**   September 13, 2012

**ATTORNEY FOR APPELLANT**

Paul Mancino, Jr.
75 Public Square
Suite 1016
Cleveland, Ohio 44113-2098

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
Mahmoud Awadallah
Assistant County Prosecutor
The Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, J.:

**{¶1}** Defendant-appellant, Rodney Lomax ("Lomax"), appeals from his guilty plea in three separate cases. Finding no merit to the appeal, we affirm.

**{¶2}** In November 2010, Lomax was charged in Case No. CR-543073 with four counts of aggravated burglary, five counts of kidnapping, four counts of aggravated robbery, one count of attempted murder, one count of felonious assault, two counts of rape, one count of having a weapon while under disability, and one count of theft. Each of these counts, except the having a weapon while under disability charge, carried one- and three-year firearm specifications, and one of the kidnapping charges additionally carried a sexual motivation specification. In April 2011, Lomax was charged in Case No. CR-549126 with drug possession, drug trafficking, and possessing criminal tools, with each count carrying various forfeiture specifications. In May 2011, Lomax was charged in Case No. CR-549974 with two counts of aggravated burglary, one count of kidnapping, two counts of aggravated robbery, one count of felonious assault, two counts of theft, and one count of having a weapon while under disability. Each of these counts, except the having a weapon while under disability charge, carried a one- and three-year firearm specifications.

**{¶3}** Pursuant to a plea agreement, Lomax pled guilty to amended charges in each case. In Case No. CR-543073, Lomax pled guilty to one count of aggravated robbery with a one-year firearm specification and the remaining 18 counts were nolled. In Case No. CR-549126, Lomax pled guilty to drug trafficking with agreed upon forfeiture specifications and the remaining two counts were nolled. In Case No. CR-549974, Lomax pled guilty to one count of aggravated robbery with a one-year firearm specification and the remaining 8 counts were nolled. The trial court sentenced Lomax to an aggregate of 17 years in prison on all three cases. In Case No. CR-543073, the trial court sentenced Lomax to ten years in prison on the aggravated robbery charge and one year in prison on the firearm specification to be served consecutive to Case No. CR-549974. In Case No. CR-549126, Lomax was sentenced to five years in prison on the drug trafficking charge, to be served concurrent to Case Nos. CR-543073 and CR-549974. In Case No. CR-549974, the trial court sentenced Lomax to five years in prison on the aggravated robbery charge and one year in prison on the firearm specification, to be served consecutive to Case No. CR-543073.

**{¶4}** Lomax now appeals, raising the following three assignments of error for review.

## ASSIGNMENT OF ERROR ONE

[Lomax] was denied due process of law when the court accepted pleas of guilty without informing [him] of the effect of pleas of guilty.

[Lomax] was denied due process of law when the court failed to inform [him] as to the nature of the amended charges to which he was entering pleas of guilty.

ASSIGNMENT OF ERROR THREE

[Lomax] was denied due process of law and his Sixth Amendment rights when [he] was sentenced based on judicial factfinding.

Guilty Plea

**{¶5}** In the first and second assignments of error, Lomax challenges the validity of his guilty pleas.

**{¶6}** Before accepting a guilty plea in a felony case, Crim.R. 11(C)(2) requires that a trial court must personally address the defendant and (1) determine that the defendant is making the plea voluntarily with an understanding of the nature of the charges and the maximum penalty; (2) ensure the defendant understands the effect of the plea and that the court may proceed with judgment after accepting the plea; and (3) inform the defendant and ensure that the defendant understands that he is waiving his constitutional rights to a jury trial, to confront witnesses against him, to call witnesses in his favor, and to require the state to prove his guilt beyond a reasonable doubt at a trial where the defendant cannot be forced to testify against himself.

**{¶7}** A trial court must strictly comply with the Crim.R. 11(C)(2) requirements regarding the waiver of constitutional rights, which means that the court must actually inform the defendant of the constitutional rights he is waiving and make sure the defendant understands them. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897

N.E.2d 621, ¶ 18, 27.  For nonconstitutional rights, "substantial compliance" is sufficient.  *Id.* at ¶ 14, citing *State v. Stewart*, 51 Ohio St.2d 86, 364 N.E.2d 1163 (1977).  "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving."  *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990), citing *Stewart*.

{¶8}  "[A] defendant must show prejudice before a plea will be vacated for a trial court's error involving Crim.R. 11(C) procedure when nonconstitutional aspects of the colloquy are at issue."  *Veney* at ¶ 17.  The test for prejudice is "whether the plea would have otherwise been made."  *Nero* at 108.

{¶9} In the instant case, the trial court's compliance with Crim.R. 11's strict requirements for constitutional rights are not at issue.  Rather, Lomax claims that the trial court failed to comply with his nonconstitutional rights to be informed of the effect of pleading guilty and the nature of the amended charges.  Specifically, Lomax first argues that the trial court failed to advise him that his plea of guilty would constitute a complete admission of guilt.  Crim.R. 11(C)(2)(b) states that prior to accepting a plea, the trial court must inform the defendant of and determine that he understands "the effect of the plea."  Crim.R. 11(B) states that a plea of guilty "is a complete admission of the defendant's guilt."

{¶10} A review of the plea colloquy reveals that the trial court did not inform Lomax that his guilty plea was a complete admission of guilt.  Because the right to be informed that a guilty plea is a complete admission of guilt is a nonconstitutional right,

we review the totality of circumstances surrounding Lomax's plea and determine whether he subjectively understood that a guilty plea is a complete admission of guilt. *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, ¶ 12, citing *Nero*.

{¶11} We note that the Ohio Supreme Court considered the same argument now made by Lomax, in *Griggs*, and held that "a defendant who has entered a guilty plea without asserting actual innocence is presumed to understand that he has completely admitted his guilt. In such circumstances, a court's failure to inform the defendant of the effect of his guilty plea as required by Crim.R. 11 is presumed not to be prejudicial." *Id.* at ¶ 19. *See also State v. Steele*, 8th Dist. No. 85901, 2005-Ohio-5541 (where this court found under the totality of the circumstances the defendant understood that he admitted his guilt by pleading guilty, even though the trial court did not inform him that his guilty plea was a complete admission of guilt).

{¶12} Here, the totality of the circumstances indicate that Lomax understood he was admitting his guilt by pleading guilty. The trial court informed Lomax of his constitutional rights and Lomax indicated that he understood those rights. Lomax also understood that he would be waiving his constitutional rights by entering pleas of guilty in each case, and he did not assert that he was innocent of the crimes. Thus, the record sufficiently demonstrates that Lomax understood that by entering pleas of guilty, he admitted to committing aggravated robbery and drug trafficking.

{¶13} Lomax next argues that his guilty pleas are invalid because the trial court failed to inform him of the nature of the charges against him. The right to be informed

of the nature of the charges is also subject to review of the totality of circumstances to determine whether Lomax understood the implication of his plea and the rights he was waiving. *Nero* at *108*.

{¶14} This court has consistently held that "'courts are not required to explain the elements of each offense, or to specifically ask the defendant whether he understands the charges, unless the totality of the circumstances shows that the defendant does not understand the charges.'" *State v. Whitfield*, 8th Dist. No. 81247, 2003-Ohio-1504, ¶ 14, quoting *State v. Cobb*, 8th Dist. No. 76950, 2001-Ohio-4132; *State v. Carpenter*, 8th Dist. No. 81571, 2003-Ohio-3019; *State v. Parker*, 8th Dist. No. 82687, 2004-Ohio-2976; *State v. Clay*, 8th Dist. No. 89763, 2008-Ohio-1415; *State v. Martin*, 8th Dist. Nos. 92600 and 92601, 2010-Ohio-244. Here, nothing in the record indicates that Lomax did not understand the charges to which he pled guilty. The plea colloquy demonstrates the trial court identified each charge to which Lomax was pleading guilty and explained the maximum penalty involved. The state also explained to the court the plea bargain reached by the parties, outlining each individual count and specifying the degree of the offense for each count. In addition, Lomax has failed to demonstrate that he was prejudiced in any way by his pleas. He does not claim that he would not have pleaded guilty if the trial court had defined each element of the offenses. Without a showing of prejudice, Lomax's argument fails. *Clay* at ¶ 15.

{¶15} Accordingly, we find that Lomax's guilty pleas were taken in compliance with Crim.R. 11.

**{¶16}** Therefore, the first and second assignments of error are overruled.

Sentence

**{¶17}** In the third assignment of error, Lomax argues he was denied his Sixth Amendment rights when the trial court imposed a maximum, consecutive sentence in Case No. CR-543073 when the trial court based the sentence on facts not alleged in the indictment nor admitted by Lomax at the time of his plea. Specifically, he refers to the trial court's comments that "[d]ue to the egregious facts and issues in this case, I believe it is appropriate to provide the maximum sentence of ten years."

**{¶18}** This court has applied a two-step approach when reviewing a felony sentence in accordance with *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 4.

> In applying [*State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470,] to the existing statutes, appellate courts must apply a two-step approach. First, they must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial court's decision shall be reviewed under an abuse-of-discretion standard.

**{¶19}** In *Foster*, the Ohio Supreme Court held that trial courts "have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." *Id.* at ¶ 100. The *Kalish* court declared that although *Foster* eliminated mandatory judicial fact-finding, it left R.C. 2929.11 and 2929.12 intact. *Id.* at

¶ 13.   As a result, the trial court must still consider these statutes when imposing a sentence.  *Id.*, citing *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1.

{¶20} R.C. 2929.11(A) provides that when a trial court sentences an offender for a felony conviction it must be guided by the "overriding purposes of felony sentencing." Those purposes are "to protect the public from future crime by the offender and others and to punish the offender."   R.C. 2929.11(B) states that a felony sentence "must be reasonably calculated to achieve the purposes set forth under R.C. 2929.11(A), commensurate with and not demeaning to the seriousness of the crime and its impact on the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."   R.C. 2929.12   provides a nonexhaustive list of factors a trial court must consider when determining the seriousness of the offense and the likelihood that the offender will commit future offenses.

{¶21} The record in this case demonstrates that the trial court considered the applicable factors and principles contained in R.C. 2929.11 and 2929.12, including recidivism factors and the need to punish the offender.  When sentencing Lomax, the trial court stated that:

> [a]fter consideration of [the PSI, the file, the sentencing memorandum that was provided by the State of Ohio] and the statements that are made, seriousness of the offense, the recidivism factors, and the need for deterrence, incapacitation, rehabilitation and restitution, I think there's no question in my mind that a prison sentence is appropriate.

Furthermore, the court properly applied postrelease control, and Lomax's sentence is within the permissible statutory range. Therefore, Lomax's sentence was not contrary to law or an abuse of discretion.

Accordingly the third assignment of error is overruled.

Judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, JUDGE

KENNETH A. ROCCO, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR