[Cite as *State v. Boyd*, 2013-Ohio-30.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 98342

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ANTHONY BOYD

DEFENDANT-APPELLANT

## JUDGMENT:
## REVERSED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-551449 and CR-557349

**BEFORE:** E.A. Gallagher, J., Stewart, A.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** January 10, 2013

**ATTORNEY FOR APPELLANT**

Jerome Emoff
55 Public Square
Suite 950
Cleveland, Ohio   44113

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:    Milko Cecez
Assistant County Prosecutor
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio   44113

EILEEN A. GALLAGHER, J.:

{¶1} Defendant-appellant Anthony Boyd appeals from his guilty pleas and criminal sentencing in the Cuyahoga County Court of Common Pleas. For the following reasons we affirm, in part, and reverse, in part, and remand.

{¶2} In this case, appellant is contesting his pleas and sentence stemming from two separate indictments. In CR-551449, appellant was indicted on June 22, 2011, with one count of grand theft in violation of R.C. 2913.02(A)(1). In CR-557349, appellant was indicted on December 30, 2011, with two counts of trafficking in violation of R.C. 2925.03(A)(1) and (2), and drug possession in violation of R.C. 2925.11(A).

{¶3} In two separate hearings, appellant entered guilty pleas in the above cases as well as a third case that is not part of the present appeal.[1] On November 28, 2011, appellant pled guilty in CR-551449 to grand theft as charged in the indictment. At the close of the hearing, the trial court referred appellant for a presentence investigation and report. On February 29, 2012, appellant pled guilty in CR-557349 to one count of trafficking in violation of R.C. 2925.03(A)(1) and the state agreed to nolle the remaining counts. The trial court referred appellant for the completion of a "probation report."

---

[1] Appellant's notice of appeal in the present case included only CR-551449 and CR-557349. To the extent that appellant's assignments of error at times reference CR-552387, appellant's arguments as to that case are disregarded as beyond the scope of the present appeal.

{¶4}   On April 11, 2012, the trial court sentenced appellant in CR-551449 to a prison term of 18 months, a fine of $250 and court costs.   In CR-557349, appellant was sentenced to 12 months imprisonment, a fine of $250 plus costs and a six month driver's license suspension.   Appellant was also sentenced to three years of postrelease control. The trial court ordered that the prison sentences in the two cases be served consecutively.

{¶5}   Appellant appeals his pleas and sentences asserting the following four assignments of error:

### Assignment of Error I

The trial court erred in failing to sufficiently provide appellant with the right of allocution.   Crim.R. 32(A)(1) provides that at the time of imposing sentence the court shall:

"[a]fford counsel an opportunity to speak on behalf of the defendant and address the defendant personally and ask if he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment."

### Assignment of Error II

In case numbers CR-551449/552387 [sic], the trial court failed to advise appellant that upon acceptance of his plea, the court may proceed with judgment and sentence.[2]

### Assignment of Error III

The trial court failed to determine that appellant understood the nature of the charges.

### Assignment of Error IV

The trial court erred by failing to sufficiently announce findings for the imposition of consecutive sentences.

---

[2]As previously discussed appellant has not appealed his conviction in CR-552387.

**{¶6}** Regarding the first assignment of error, the right of allocution guaranteed in Crim.R. 32(A)(1) is derived from the common-law right of allocution, and provides the defendant with his or her final chance to address the court and express remorse. *Garfield Hts. v. J.P.*, 8th Dist. No. 87166, 2006-Ohio-4590, ¶ 7, citing *Green v. United States*, 365 U.S. 301, 304, 81 S.Ct. 653, 5 L.Ed. 2d 670 (1961). The Ohio Supreme Court has stated that trial courts must "painstakingly adhere" to the allocution requirement of Crim.R. 32(A)(1) and treat it as more than an "empty ritual." *State v. Green*, 90 Ohio St.3d 352, 359-560, 738 N.E.2d 1208 (6th Dist.2000).

**{¶7}** At appellant's sentencing hearing on April 11, 2012, the trial court addressed appellant and asked, "Mr. Boyd, is there anything that you'd like to say?" Appellant argues that this general query is not specific enough to satisfy the trial court's responsibility under Crim.R. 32(A)(1). We disagree. While the trial court's adherence to Crim.R. 32(A)(1) must be "painstaking," it is not required to invoke the exact words of the rule when posing the question to the defendant. Numerous courts have upheld the use of language similar to that employed by the trial court here. *See*, *e.g.*, *State v. Muntaser*, 8th Dist. No. 81915, 2003-Ohio-5809, ¶ 57; *State v. Massey*, 5th Dist. No. 2006-CA-00370, 2007-Ohio-3637, ¶ 30-31; *State v. Crable*, 7th Dist. No. 04 BE 17, 2004-Ohio-6812, ¶ 20; *State v. McClendon*, 7th Dist. No. 11 MA 15, 2012-Ohio-1410, ¶ 13.

**{¶8}** Appellant's first assignment of error is overruled.

**{¶9}** Regarding appellant's second assignment of error, under Crim.R. 11(C),

prior to accepting a guilty plea in a felony case, a court must conduct an oral dialogue with the defendant to determine that the plea is voluntary, that the defendant understands the nature of the charges and the maximum penalty involved and to personally inform the defendant of the constitutional provisions that he is waiving by pleading guilty.

{¶10} In determining whether the trial court has satisfied its duties under Crim.R. 11 in taking a plea, reviewing courts have distinguished constitutional and nonconstitutional rights. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶18. The trial court must strictly comply with those provisions of Crim.R. 11(C) that relate to the waiver of constitutional rights. *State v. Stewart*, 51 Ohio St.2d 86, 88-89, 364 N.E.2d 1163 (1977); *State v. Ballard*, 66 Ohio St.2d 473, 423 N.E.2d 115 (1981), paragraph one of the syllabus.

{¶11} For nonconstitutional rights, scrupulous adherence to Crim.R. 11(C) is not required and "substantial compliance" is sufficient. *State v. Stewart*, 51 Ohio St.2d 86, 364 N.E.2d 1163 (1977); *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 31. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990).

{¶12} Crim.R. 11(C)(2)(b) provides that prior to accepting a guilty plea, a trial court shall inform the defendant " * * * that the court, upon acceptance of the plea, may proceed with judgment and sentence." As this requirement is a nonconstitutional right we review for substantial compliance by the trial court. *State v. Steele*, 8th Dist. No.

85901, 2005-Ohio-5541, ¶ 15.  Additionally, a defendant who claims that his or her plea was not knowingly, intelligently, or voluntarily made must show a prejudicial effect. *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990), citing *State v. Stewart*, 51 Ohio St.2d 86, 93, 364 N.E.2d 1163 (1977).

{¶13} In the case sub judice, the trial court did not inform appellant prior to accepting his guilty plea in CR-551449 that upon acceptance of the plea the court may proceed with judgment and sentence.  However, the record reflects that appellant suffered no prejudice as a result of the trial court's failure to so advise him as the trial court did not, in fact, proceed to sentencing but rather referred appellant for a presentence investigation report.  Where a trial court does not proceed immediately to sentencing upon accepting a guilty plea, the defendant is not prejudiced by the court's failure to warn that it *could* have done so.  *State v. Carey*, 8th Dist. No. 97444, 2012-Ohio-3359, ¶ 11, citing *State v. Johnson*, 11th Dist. No. 2002-L-024, 2004-Ohio-331, ¶ 20; *State v. O'Neal*, 9th Dist. No. 19255, 1999 Ohio App. LEXIS 4515, *4 (Sept. 29, 1999).

{¶14} Appellant's second assignment of error is overruled.

{¶15} Regarding appellant's third assignment of error,  appellant argues that his guilty pleas in CR-551449 and CR-557349 are invalid because the trial court failed to adequately inform him of the nature of the charges against him.  Because this assignment of error relates to nonconstitutional rights contained in Crim.R. 11(C)(2)(a), we will review the trial court's conduct for substantial compliance.

**{¶16}** Appellant asserts that the court must provide a "recitation or discussion" of the elements of an offense in order to find that the defendant knowingly, voluntarily, and intelligently entered his or her plea. We disagree. This court has consistently held that

> courts are not required to explain the elements of each offense, or to specifically ask the defendant whether he understands the charges, unless the totality of the circumstances shows that the defendant does not understand the charges.

*State v. Whitfield*, 8th Dist. No. 81247, 2003-Ohio-1504, ¶ 14, quoting *State v. Cobb*, 8th Dist. No. 76950, 2001-Ohio-4132; *State v. Carpenter*, 8th Dist. No. 81571, 2003-Ohio-3019, ¶ 2; *State v. Clay*, 8th Dist. No. 89763, 2008-Ohio-1415, ¶ 14; *State v. Lomax*, 8th Dist. No. 98125, 2012-Ohio-4167, ¶ 14.

**{¶17}** Our review of the record indicates no basis for appellant's claim that he did not understand the charges to which he pled guilty. At both the November 28, 2011 and the February 29, 2012 plea hearings, the trial court informed appellant of the charges to which he would be pleading guilty along with the corresponding felony degrees and potential penalties and the appellant indicated that he understood this information. In addition, appellant has failed to demonstrate that he was prejudiced in any way by his pleas. He does not claim that he would not have pleaded guilty if the trial court had defined each element of the offenses. Without a showing of prejudice, appellant's argument fails. *Clay* at ¶ 15.

**{¶18}** Appellant's third assignment of error is overruled.

**{¶19}** Regarding appellant's fourth assignment of error, this assignment of error requires us to review a felony sentence and we employ the two-part test adopted by the

Ohio Supreme Court in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 14. First, we must determine whether a sentence is contrary to law. *Id.* Then, if the sentence was not contrary to law, we review to determine whether the trial court abused its discretion in selecting sentences within the range permitted by statute. *Id*. at ¶ 17.

{¶20} The first prong of the *Kalish* test requires us to examine whether the trial court met the statutory requirements for imposing consecutive sentences, which are contained in R.C. 2929.14(C)(4). Am. Sub. H.B. No. 86, which became effective on September 30, 2011, "revive[d]" R.C. 2929.14(C)(4) and reinstated the requirement that trial courts make factual findings on specified issues before imposing consecutive sentences. *State v. Matthews*, 8th Dist. No. 97916, 2012-Ohio-5174, ¶ 45.

{¶21} R.C. 2929.14(C)(4) provides:

If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under postrelease control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶22}** Appellant argues that the trial court failed to make the requisite findings under R.C. 2929.14(C)(4) prior to imposing consecutive sentences for his grand theft and trafficking convictions.

**{¶23}** Initially, the trial court in the present instance did not specify whether the sentences were to run consecutively or concurrently. Only after the sentences had been announced did the trial court, in response to a request for clarification by the state, note that the prison terms were to be served consecutively. The trial court thereafter stated, "[h]e measures out to 13 on the risk assessment. There's been numerous probations and numerous violations."

**{¶24}** In *State v. Wilson*, 8th Dist. No. 97827, 2012-Ohio-4159, the trial court did not make specific statements, on the record, that the imposition of consecutive sentences "were necessary to protect the public from future crime or to punish Wilson, and not disproportionate to the seriousness of Wilson's conduct and to the danger he poses to the public, and that one of the factors in R.C. 2929.14(C)(4)(a) through (c) applied to Wilson." *Id.* at ¶ 12. The state argued that "a review of the entire record" indicated that the judge had made statements implying such findings earlier in the case and that those findings had been incorporated by reference at the beginning of the sentencing hearing. We rejected that argument and held that the record was insufficient to meet the specific requirements of R.C. 2929.14(C)(4). *Id.* at ¶ 13. While courts are not required

to use "talismanic words" in order to comply with R.C. 2929.14(C)(4), they must make the required findings "on the record at sentencing prior to imposing consecutive sentences." *Id*. at ¶ 13, citing *State v. Jones*, 1st Dist. No. C-110603, 2012-Ohio-2075, ¶ 22.

**{¶25}** In this case, the trial court's after-the-fact vague reference to a risk assessment score and "numerous probations and numerous violations" failed to satisfy the requirements of R.C. 2929.14(C)(4). Although information from appellant's presentence investigation was referenced by the trial court at a prior plea hearing, this did not relieve the court from complying with R.C. 2929.14(C)(4).

**{¶26}** Appellant's fourth assignment of error is sustained.

**{¶27}** Appellant's sentence is reversed. Case remanded to the lower court for resentencing.

It is ordered that appellant recover of said appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the lower court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

EILEEN A. GALLAGHER, JUDGE

MELODY J. STEWART, A.J., and

MARY EILEEN KILBANE, J., CONCUR