[Cite as *State v. Rodriguez*, 2020-Ohio-4464.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 108998 |
| v. | : | |
| RICHARD RODRIGUEZ, SR., | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** September 17, 2020

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-18-629860-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Kristin M. Karkutt, Assistant Prosecuting Attorney, *for appellee.*

Paul Mancino, Jr., *for appellant.*

PATRICIA ANN BLACKMON, P.J.:

{¶ 1} Defendant-appellant, Richard Rodriguez, Sr., appeals from his guilty plea to murder, burglary, and felonious assault.

{¶ 2} For the sake of clarity, we shall address the assigned errors out of their predesignated order. Rodriguez assigns the following errors for our review:

I.      [Rodriguez] was denied due process of law when the court imposed consecutive sentences.

II.     [Rodriguez] was denied due process of law when the court imposed consecutive sentences without any information or evidence.

III.    [Rodriguez] was denied due process of law when the court accepted a guilty plea without informing the defendant of the nature of the offense.

IV.     [Rodriguez] was denied due process of law when the court recommended that [he] never be in the same prison as his son.

{¶ 3} Having reviewed the record and the controlling case law, we affirm the decision of the trial court.

{¶ 4} On June 25, 2018, following the shooting death of Steven Ray Heading, Rodriguez and his son, Richard Rodriguez, Jr. ("Richard, Jr."), were indicted in a multicount indictment. As is relevant herein, Rodriguez was charged with two counts of aggravated murder, in violation of R.C. 2903.01(A) and (B), one count of murder in violation of R.C. 2903.02(B), one count of felonious assault in violation of R.C. 2903.11(A)(1), two counts of felonious assault in violation of R.C. 2903.11(A)(2), one count of aggravated burglary in violation of R.C. 2911.11(A)(1), two counts of aggravated burglary in violation of R.C. 2911.11(A)(2), and one count of kidnapping in violation of R.C. 2905.01(A)(3), all with one and three-year firearm specifications. Rodriguez was also charged with one count of having weapons while under disability in violation of R.C. 2923.13(A)(3), and one count of felonious

assault in violation of R.C. 2903.11(A)(2). On June 26, 2019, Rodriguez entered into a plea agreement with the state. The charge of aggravated murder in violation of R.C. 2903.01(A) was amended to murder in violation of R.C. 2903.03(A), and the charge of aggravated burglary was amended to burglary in violation of R.C. 2911.12(A). Rodriguez pled guilty to the amended charges, having a weapon while under disability, and felonious assault. All remaining charges were nolled.[1]

{¶ 5} On August 14, 2019, the trial court sentenced Rodriguez. The court sentenced him to 15 years to life for murder, six years for burglary, and two years for having a weapon while under disability. The court ordered that these terms be served concurrently, but consecutively to a three-year sentence for felonious assault, for a total of 21 years to life.

## Guilty Plea

{¶ 6} Considering the events chronologically, we begin our review with consideration of the guilty plea. In the third assigned error, Rodriguez argues that the trial court erred in accepting his guilty plea to murder without first explaining the elements of this offense, and thereby failed to inform him of the nature of the offense as required under Crim.R. 11(C).

{¶ 7} Under Crim.R. 11(C)(2), the trial court shall not accept a guilty plea in a felony case without personally addressing the defendant and:

> (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum

---

[1] Richard, Jr. pled guilty to involuntary manslaughter with a three-year firearm specification, burglary with a three-year firearm specification, and having a weapon while under disability. He was sentenced to thirteen years in prison.

penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to a jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶ 8} In determining whether a plea was entered knowingly, intelligently, and voluntarily, "an appellate court examines the totality of the circumstances through a de novo review of the record." *State v. Spock*, 8th Dist. Cuyahoga No. 99950, 2014-Ohio-606, ¶ 7; *see also State v. Petitto*, 8th Dist. Cuyahoga No. 95276, 2011-Ohio-2391, ¶ 4.

{¶ 9} The trial court must strictly comply with those provisions of Crim.R. 11(C) that relate to the waiver of constitutional rights. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, syllabus; *State v. Ballard*, 66 Ohio St.2d 473, 423 N.E.2d 115 (1981), at paragraph one of the syllabus. The constitutional rights include the right to a jury trial, to confront witnesses, to have compulsory process to obtain witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot

be compelled to testify against himself or herself. Crim.R. 11(C)(2)(c); *State v. Hinton*, 8th Dist. Cuyahoga No. 102710, 2015-Ohio-4907, ¶ 21.

{¶ 10} As to the nonconstitutional rights, substantial compliance is sufficient. *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 31; *State v. Hedenberg*, 8th Dist. Cuyahoga No. 102112, 2015-Ohio-4673, ¶ 12; *Veney* at ¶ 14. The nonconstitutional aspects of Crim.R. 11(C)(2) include the defendant's right to be informed of the nature of the charges, the maximum penalty involved, that the defendant is not eligible for community control sanctions (if applicable), and that the defendant understands the effect of his or her plea. *State v. Austin*, 8th Dist. Cuyahoga No. 105981, 2019-Ohio-1983, ¶ 13. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *Id.*, citing *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990).

{¶ 11} As to the elements of the offense that is the subject of the guilty plea, this court stated in *State v. Reeves*, 8th Dist. Cuyahoga No. 100560, 2014-Ohio-3497, as follows:

> In determining whether a defendant is making a plea with an understanding of the nature of the charge, a trial court has no obligation to advise the defendant of the elements of the crime or to specifically ask whether he or she understands the charge, provided the totality of the circumstances support the trial court's determination that the defendant understands the charge. *State v. Minifee*, 8th Dist. Cuyahoga No. 99202, 2013-Ohio-3146, ¶ 14. In fact, "[w]here a defendant indicates that he understands the nature of the charge, in the absence of evidence to the contrary or anything in the record that indicates confusion, it is typically presumed that the defendant actually understood the nature of the charge against him." *State v. Wangul*, 8th

Dist. Cuyahoga No. 84698, 2005-Ohio-1175, ¶ 10. And where a defendant enters a guilty plea without asserting innocence, it is presumed that the defendant understands that he or she has admitted guilt. *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, ¶ 19.

*Id.* at ¶ 12. *Accord State v. Boyd*, 8th Dist. Cuyahoga No. 98342, 2013-Ohio-30, ¶ 16.

{¶ 12} Here, the record indicates that the trial court fully complied with Crim.R. 11. Prior to accepting the guilty plea, the trial court held a hearing and engaged in a colloquy with Rodriguez. At this time, the prosecutor outlined the offense, degree felony, and penalty. The trial court also outlined the offense, Revised Code provision, degree of felony, and range of penalties. Nothing in the record indicates that Rodriguez was confused about the nature of the offenses, and Rodriguez affirmatively stated that he understood the nature of the charges. After a review of the record and applicable law, we have determined that the trial court substantially complied with the nonconstitutional requirements of Crim.R. 11(C)(2)(a), and that Rodriguez understood the nature of the charges against him. In accordance with all of the foregoing, we conclude that the trial court complied with Crim.R. 11, and Rodriguez knowingly, voluntarily, and intelligently entered guilty pleas to the charges.

{¶ 13} The third assigned error is without merit.

### Consecutive Sentences

{¶ 14} In the first assigned error, Rodriguez argues that the trial court did not consider the purposes and principles of felony sentencing under R.C. 2929.11 in

imposing sentence and erred in failing to impose concurrent sentences. In the second assigned error, Rodriguez argues that the record does not support the consecutive sentence imposed for felonious assault.

{¶ 15} In considering the first assigned error, the Ohio Supreme Court recently explained that an appellate court may only review individual felony sentences under R.C. 2929.11 and 2929.12. R.C. 2953.08(G)(2)(a) and 2929.14(C) set forth the exclusive means of appellate review of consecutive sentences. *Gwynne*, 158 Ohio St.3d 279, 2019-Ohio-4761, 141 N.E.3d 169, ¶ 16-17.

{¶ 16} For individual sentences, the trial court must consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors listed in R.C. 2929.12, but the court is not required to make findings or give reasons for imposing more than the minimum sentence. *State v. Pavlina*, 8th Dist. Cuyahoga No. 99207, 2013-Ohio-3620, ¶ 15, citing *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. Courts have "refused to find that a sentence is contrary to law when the sentence is in the permissible range and the court's journal entry states that it 'considered all required factors of the law' and 'finds that prison is consistent with the purposes of R.C. 2929.11.'" *State v. Williams*, 8th Dist. Cuyahoga No. 100042, 2014-Ohio-1618, ¶ 17, quoting *State v. May*, 8th Dist. Cuyahoga No. 99064, 2013-Ohio-2697, ¶ 16.

{¶ 17} Pursuant to R.C. 2903.02(A), murder, an unclassified felony, carries a sentence of 15 years to life imprisonment. Rodriguez was sentenced to fifteen years to life. Pursuant to R.C. 2911.12(A), burglary, a second-degree felony, carries a

sentence of two to eight years. Rodriguez was sentenced to six years. Under R.C. 2923.13, having a weapon while under disability, a third-degree felony, carries a sentence of nine to 36 months incarceration. Rodriguez was sentenced to 24 months. Pursuant to R.C. 2903.11, felonious assault, a second-degree felony, carries a sentence of two to eight years. Rodriguez was sentenced to three years. Rodriguez's sentence for each of these offenses is within the correct statutory range. Further, the trial court stated, and the journal entries also reflect, that the court considered the "sentencing laws." Therefore, nothing in the record supports Rodriguez's claim that the court failed to consider R.C. 2929.11 or 2929.12 in fashioning the sentences imposed for the individual offenses.

{¶ 18} We further note that sentences are presumed to run concurrently unless the trial court makes the findings required under R.C. 2929.14(C)(4). *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 16, 23. The *Gwynne* court instructed that in reviewing consecutive sentences, an appellate court must "review the record, including the findings underlying the sentence or modification given by the sentencing court." *Id.* If an appellate court clearly and convincingly finds either that (1) "the record does not support the sentencing court's findings under [R.C. 2929.14(C)(4)]," or (2) "the sentence is otherwise contrary to law," then "the appellate court may increase, reduce, or otherwise modify a sentence * * * or may vacate the sentence and remand the matter to the sentencing court for resentencing." 158 Ohio St.3d 279, 2019-Ohio-4761, 141 N.E.3d 169, ¶ 16-17. The imposition of consecutive sentences is contrary to law if a trial court fails to make

the findings mandated by R.C. 2929.14(C)(4). *State v. Morris*, 2016-Ohio-7614, 73 N.E.3d 1010, ¶ 24 (8th Dist.), citing *Bonnell* at ¶ 37.

{¶ 19} Under R.C. 2929.14(C)(4), the trial court must first find that "consecutive service is necessary to protect the public from future crime or to punish the offender[.]" R.C. 2929.14(C)(4). Second, the trial court must find that "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." *Id.* Third, the trial court must find that one of the following applies:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction * * *, or was under post-release control for a prior offense.

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

*Id.*

{¶ 20} "The [trial] court must note that it engaged in the analysis and that it has considered the statutory criteria and specifie[d] which of the given bases warrants its decision." *Bonnell* at ¶ 26, quoting *State v. Edmonson*, 86 Ohio St.3d 324, 326, 1999-Ohio-110, 715 N.E.2d 131. Further, the reviewing court must be able to discern that the record contains evidence to support the findings. *Id.* at ¶ 29. A trial court is not, however, required to state its reasons to support its findings, nor

is it required to precisely recite the statutory language, "provided that the necessary findings can be found in the record and are incorporated in the sentencing entry." *Id.* at ¶ 37. The court is not required to engage in "a word-for-word recitation" of R.C. 2929.14(C)(4). *Id.* at ¶ 29. Rather, if the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld. *Id.*

{¶ 21} In this matter, in the sentencing hearing the trial court stated:

> Mr. Rodriguez, Sr. on Count 1 in this case, the murder of Steven Ray Heading, you are ordered to serve an indefinite prison term of 15 years by [sic] life, but on that count you are also ordered to serve three years on the two firearm specifications.
>
> Those three years are ordered to be served prior and consecutively to beginning the indefinite term of 15 years to life, meaning, in effect, on Count 1, you have a prison term of 18 years to life indefinite.
>
> On Count 8, the burglary, you are ordered to serve six years in a state prison.
>
> On Count 11, the weapons under disability, you are ordered to serve two years at a state prison.
>
> Finally, on Count 13, which is the June 3, 2018 felonious assault, you are ordered to serve three years at a state prison. I am going to order for Mr. Rodriguez, Sr. that Counts 1, 8, and 11 be served concurrently, that is to say at the same time, but Count 13 is ordered to be served prior and consecutively to.
>
> The reason being that was a separate crime. That crime in and of itself would have been bad enough, but then we know what happened two days later.

So I do want you to know in imposing consecutive sentences, I find that consecutive service is necessary to protect the public from future crime. It is also necessary to appropriately punish you, and I do find consecutive sentences are not disproportionate to the seriousness of your conduct and to the danger that you pose to the public.

I also find that at least two or more of the multiple offenses were committed as part of one or more courses of conduct and that the harm caused by two or more of the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of the course of conduct adequately reflects the seriousness of your conduct.

Which is really a way of saying to me that felonious assault should not go unpunished. I concur with your lawyer * * * that it is unlikely that you will be released at first parole eligibility of 18 years, but it is certainly not impossible.

If that occurred, that is a statutory minimum for murder and the felonious assault would be going unpunished.

Second, I am inclined to agree with the prosecutor, that what appears to be the motivation here for the conduct on June 5th is [inimical] to any sort of civilized system of government, of self-government, I should say.

I recognize that even in a civil society people do commit crimes, but the rules, so to speak, require people to deal with what they are charged with as opposed to taking the matter into their own hands and trying to literally eliminate witnesses against them.

So for those reasons, I think that consecutive service of the felonious assault is justified in this case.

{¶ 22} In this case, a review of the record shows that the trial court complied with R.C. 2929.14(C)(4) by making the required statutory findings. Beginning with the first finding required under the statute, the court found, both orally and in its judgment entry, that consecutive sentences were necessary to protect the public or to punish Rodriguez. Secondly, the court found that

consecutive sentences were not disproportionate to the seriousness of his conduct and to the danger that he posed to the public. Turning to the third aspect of required consecutive sentence findings, the trial court concluded that multiple offenses were committed as part of one or more courses of conduct, and that the harm was so great or unusual that no single prison term for the offenses committed as part of the course of conduct adequately reflects the seriousness of Rodriguez's conduct. All of these findings were in turn properly included in the court's journalized sentencing entry.

{¶ 23} Accordingly, the first assigned error lacks merit.

{¶ 24} Turning to the second assignment of error, Rodriguez asserts that there was a plea agreement in this case and no record was created to support the sentence. Here, although there was a plea agreement in this case, the trial court created an extensive record. The court also stated:

> I want you to know for both of you that imposing the sentences I'm about to announce in open court, I have taken into account everything that I know about you and your case. * * * That includes, of course, everything said by all of the participants on the oral record here today. It includes the sentencing memoranda of record and filed with the Clerk.
>
> It includes the presentence report requested in this particular case * * *. It includes the Clinic reports and any other written documents that I mentioned. Finally, it includes consideration of the sentencing laws under Chapter 2929 of the Ohio Revised Code.

{¶ 25} After carefully reviewing the record in its entirety, we do not clearly and convincingly find that the record fails to support the trial court's imposition of consecutive sentences. To the contrary, the record properly supports the trial court's

R.C. 2929.14(C) findings relative to its imposition of consecutive sentences. The record demonstrates that the court reviewed Rodriguez's file and record. Further, the record indicates that this matter began with the theft of a tablet. It escalated when Rodriguez assaulted the victim, assaulted him again, and finally, acting together with Richard, Jr., killed the victim in order to prevent him from testifying regarding the assaults. The record fully supports the determinations that consecutive sentences are necessary to protect the public or punish Rodriguez, consecutive sentences are not disproportionate to the seriousness of his conduct and the danger he posed to the public. The record also supports the conclusion that the offenses were part of a course of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct. This satisfies the requirements of R.C. 2929.14(C)(4).

{¶ 26} Because we are able to discern that the trial court engaged in the correct, requisite analysis and the record contains evidence to support the finding, we must uphold the sentence. *See, e.g., State v. O'Conner*, 8th Dist. Cuyahoga No. 2019-Ohio-702, ¶ 12; *State v. Jackson*, 8th Dist. Cuyahoga No. 104991, 2017-Ohio-7167, ¶ 15.

{¶ 27} The second assigned error lacks merit.

**Serving Sentence Apart from Richard, Jr.**

{¶ 28} In the fourth assigned error, Rodriguez argues that the trial court erred in determining that Rodriguez and Richard, Jr. may not serve their sentences at the same institution.

{¶ 29} The court's sentencing entry indicates that the court "recommended" that Rodriguez and Richard, Jr. be held in separate prisons. This recommendation was never "ordered" by the court. Accordingly, we find no reversible error.

{¶ 30} The fourth assigned error is without merit.

{¶ 31} Judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
PATRICIA ANN BLACKMON, PRESIDING JUDGE

RAYMOND C. HEADEN, J., and
MARY EILEEN KILBANE, J., CONCUR

Guilty plea; consecutive sentences; penal institution.

The trial court did not err in accepting a guilty plea to murder and other offenses where the court properly set forth the nature of the offenses; consecutive sentences were imposed in compliance with R.C. 2929.14(C) and were supported by the record; the court's recommendation regarding the place of imprisonment was not prejudicial error.