OPINION
{¶ 1} Appellant, Isiah J. Johnson, III ("Johnson") appeals from the judgment entered by the Lake County Court of Common Pleas. Johnson was sentenced to a term of five years in prison for his voluntary manslaughter conviction.
 {¶ 2} In June 2001, a man was beaten to death as a result of a drug transaction gone bad. One of the participants of the beating was Johnson. At his sentencing hearing, Johnson admitted involvement in the incident, but claimed he was not an active participant. Johnson also stated he testified against some of the co-defendants at their trials.
 {¶ 3} In August 2001, Johnson was indicted with three counts of murder, one count of kidnapping, one count of robbery, and one count of felonious assault. Johnson initially pled not guilty to these charges.
 {¶ 4} In November 2001, Johnson withdrew his plea of not guilty and pled guilty to one count of voluntary manslaughter. As a result of the guilty plea, the remaining charges in the indictment were dismissed.
 {¶ 5} Johnson was sentenced to a five-year prison term. The judgment entry of sentence also required Johnson to pay court costs.
 {¶ 6} Johnson raises two assignments of error:
 {¶ 7} "[1.] The trial court erred in assessing court costs to defendant-appellant after finding him to be indigent.
 {¶ 8} "[2.] The trial court erred to the prejudice of defendant-appellant by accepting his guilty plea which was not made knowingly, voluntarily or intelligently."
 {¶ 9} We will begin by addressing Johnson's second assignment of error. Crim.R. 11(C) provides:
 {¶ 10} "(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
 {¶ 11} "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
 {¶ 12} "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 {¶ 13} "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."
 {¶ 14} This court has held that a defendant's waiver of constitutional rights under Crim.R. 11(C)(2)(c), requires strict compliance on behalf of the trial court.[1] However, when reviewing to determine if the trial court complied with Crim.R. 11(C)(2)(a) and (b), a reviewing court need not determine if the trial court strictly adhered to the rule.[2] The Supreme Court of Ohio has stated that "[l]iteral compliance with Crim.R. 11 is certainly the preferred practice, but the fact that the trial judge did not do so does not require vacation of the defendant's guilty plea if the reviewing court determines that there was substantial compliance."[3] In addition, a defendant challenging his guilty plea on the basis that it was not made voluntarily, intelligently, and knowingly must show that he was prejudiced by the trial court's failure.[4]
 {¶ 15} Johnson asserts that the trial court did not inform him of the precise nature of the charge. Johnson also argues that the trial court did not refer to the charge by its statutory number.
 {¶ 16} The trial court specifically referred to the charge as the lesser included offense of voluntary manslaughter. The court informed Johnson that this charge was a first degree felony. The trial court also asked Johnson if he had discussed the charge with his attorney, to which Johnson responded affirmatively. Finally, in the written plea of guilty, which Johnson signed at the plea hearing, the charge is specifically mentioned as voluntary manslaughter, with the accompanying Revised Code Section affixed immediately after the charge. This court has held that information in a guilty plea form may be used to determine if the defendant understood the nature of the charges, as required by Crim.R. 11(C)(2)(a).[5]
 {¶ 17} In light of these facts, the trial court substantially complied with its obligation to determine that Johnson understood the nature of the charge he was pleading to.
 {¶ 18} Next, Johnson argues that the trial court did not inform him that it could proceed directly to sentencing, as is required by Crim.R. 11(C)(2)(b). Initially, we note that the trial court did inform Johnson that the charge he wished to plead guilty to carried a prison term. The court also asked Johnson if he understood that by pleading guilty he would be "voluntarily giving up your liberty for whatever length of time I sentence you to jail, prison, or community control." Johnson answered this question affirmatively. These statements suggest that Johnson was fully aware that he would likely be receiving a prison term. In addition, the guilty plea form contained the following statement, "I know the Judge may sentence me today or refer my case for a presentence report."
 {¶ 19} These statements, taken together, show that the trial court substantially complied with Crim.R. 11(C)(b).
 {¶ 20} Moreover, the court did not proceed directly to sentencing. Rather, the court ordered a presentence investigation to be completed. Sentencing actually occurred weeks after the guilty plea hearing, in January 2002. Johnson was represented by counsel at both the plea hearing and the sentencing hearing. Accordingly, we do not see that Johnson was prejudiced by any error that the court may have committed by not informing him that it could proceed directly to sentencing.[6]
 {¶ 21} Finally, Johnson claims that the trial court did not inform him of the possibility of post-release control. Again, we note the court asked Johnson if he understood that by pleading guilty he would be "voluntarily giving up your liberty for whatever length of time I sentence you to jail, prison, or community control." However, this vague reference to community control was insufficient to satisfy the court's obligation to inform Johnson about post-release control. Specifically, the court did not inform Johnson of the length of post-release control or the sanctions for violating post-release control. A trial court is required to personally inform the defendant about post-release control sanctions prior to accepting a guilty plea from the defendant.[7]
 {¶ 22} The written guilty plea form contained a notification, informing Johnson that he may have up to five years of post-release control. In addition, Johnson was informed of post-release control at his sentencing hearing. However, for the reasons that follow, these facts do not compensate for the trial court's failure to personally inform Johnson about post-release control prior to accepting his guilty plea.
 {¶ 23} The state relies on the following language from Woods v.Telb, "[p]ursuant to R.C. 2967.28(B) and (C), a trial court must inform the defendant at sentencing or at the time of the plea hearing that post-release control is part of the defendant's sentence."[8]
 {¶ 24} Strictly construing the above language from Woods v. Telb,
suggests that a trial court has the option to inform a defendant of post-release control at the sentencing hearing or at the plea hearing. However, for the following reasons, we hold that this is not the case. Two recent appellate decisions have held that Woods v. Telb does not alleviate the trial court's statutory duty to inform the defendant about post-release control prior to accepting a guilty plea.[9] Part of the rationale of these decisions is that Woods v. Telb does not specifically mention R.C. 2929.19 or 2943.032.[10]
 {¶ 25} Woods v. Telb could be construed to state that if there is a plea hearing, the trial court must inform the defendant of post-release control. However, if there is not a plea hearing, the court must inform the defendant about post-release control at the sentencing hearing. This interpretation is consistent with the provisions of the Revised Code. To hold otherwise would circumvent R.C. 2943.032 and Crim.R. 11(C)(2)(a). A defendant has the right to know about post-release control before
entering a guilty plea. Allowing a trial court to inform the defendant about post-release control at sentencing would be inherently tardy for the purposes of the defendant entering a knowing and voluntarily guilty plea.
 {¶ 26} The state's argument that the trial court sufficiently addressed post-release control at sentencing is unpersuasive.
 {¶ 27} Secondly, the state asserts that the guilty plea form adequately covered post-release control. The fact that this topic was covered in the guilty plea form would suggest that Johnson was not prejudiced by the trial court's error.
 {¶ 28} "The prejudice requirement, however, is applied as part of the substantial compliance rule.[11] Where Crim.R. 11(C) does not require the giving of specific information or requires only that the judge `determine' that the defendant understands particular aspects of his plea, the substantial compliance rule allows a showing that the defendant had the requisite understanding even when the judge failed to inform him personally.[12] Where the judge is required to inform the defendant personally and fails to do so, the judge has no valid basis for determining that the defendant had the necessary understanding and there can be no finding of substantial compliance."[13][14]
 {¶ 29} Pursuant to R.C. 2943.032, the trial court was required to personally inform Johnson about post-release control sanctions prior to accepting the guilty plea. This was not done.
 {¶ 30} Johnson's second assignment of error has merit.
 {¶ 31} Since Johnson's second assignment of error has merit, the conviction must be vacated and Johnson's first assignment of error is moot.[15]
 {¶ 32} The judgment of the trial court is reversed. This matter is remanded for further proceedings consistent with this opinion.
Donald R. Ford, P.J., and Cynthia Westcott Rice, J., Concur.
[1] State v. Mallon (Dec. 17, 1999), 11th Dist. No. 98-T-0032, 1999 Ohio App. LEXIS 6131, at *8.
[2] Id.
[3] State v. Nero (1990), 56 Ohio St.3d 106, 108, citing State v.Stewart (1977), 51 Ohio St.2d 86.
[4] Id.
[5] State v. Knapp (June 18, 1999), 11th Dist. No. 97-P-0060, 1999 Ohio App. LEXIS 2820, at *8.
[6] See, e.g., State v. Hughes (Oct. 26, 2001), 11th Dist. No. 2000-A-0046, 2001 Ohio App. LEXIS 4800, at * 7.
[7] R.C. 2943.032(E).
[8] Woods v. Telb (2000), 89 Ohio St.3d 504, paragraph two of the syllabus.
[9] See State v. Tucci, 7th Dist. No. 01 CA 234, 2002-Ohio-6903; Statev. Delventhal, 8th Dist. No. 81034, 2003-Ohio-1503.
[10] State v. Delventhal, at ¶ 5, citing State v. Tucci, at ¶ 29.
[11] State v. Stewart, 51 Ohio St.2d at 93; State v. Nero,56 Ohio St.3d at 108.
[12] Id.
[13] State v. King, 3d. Dist. No. 2-2000-11, 2000-Ohio-1833; See, also, State v. Foster, 8th Dist. No. 81309, 2002-Ohio-7072, at ¶ 20 (totality of circumstances must show judge's determination of defendant's understanding was warranted).
[14] State v. Delventhal, at ¶ 8.
[15] Id. at ¶ 12, citing App.R 12(A)(1)(c).