JOURNAL ENTRY and OPINION
{¶ 1} In this consolidated appeal, Timothy O'Linn appeals his convictions from two counts of driving under the influence of alcohol in violation of R.C. 4511.19 and one count of failure to control a motor vehicle in violation of Westlake Municipal Code 331.34A. We affirm.
 {¶ 2} According to the record on appeal, on March 14, 2003, Westlake police responded to a call on Clark Parkway at Rose Road after receiving reports that a car had run off the road. When they arrived, they found O'Linn walking in the general area of the car, and found his car in a ditch on the side of the road. The officers noted that in addition to the strong odor of alcohol, O'Linn's eyes were bloodshot, his speech was slurred and he appeared confused. He was given a field test for sobriety, failed the test, and was arrested for OMVI and failure to maintain control.
 {¶ 3} Shortly thereafter, on March 23, 2003, O'Linn was again stopped by Westlake police after he was observed driving 5 m.p.h. on Center Ridge Road. The officer again noted O'Linn's slow speech, bloodshot eyes, and the strong odor of alcohol on his breath, and asked him to take a breathalyzer test. He refused and was arrested.
 {¶ 4} O'Linn entered pleas of no contest to all charges and was sentenced to concurrent terms of 180 days in jail, a five-year license suspension under R.C. 4507.16, and given a suspended $350 fine plus court costs.
 {¶ 5} In his sole assignment of error, O'Linn claims his due process rights were violated by the trial court's failure to inform him of his right to have the prosecution prove his case beyond a reasonable doubt.
 {¶ 6} O'Linn cites to Crim.R. 11(C)(2)(c) which governs the trial court's acceptance of guilty pleas and states in relevant part:
"(2) In felony cases the court may refuse to accept a plea of guilty ora plea of no contest, and shall not accept such plea without firstaddressing the defendant personally and:
* * *
"(c) Informing him and determining that he understands that by his pleahe is waiving his rights to jury trial, to confront witnesses againsthim, to have compulsory process for obtaining witnesses in his favor, andto require the state to prove his guilt beyond a reasonable doubt at atrial at which he cannot be compelled to testify against himself."
 {¶ 7} This provision, however, is applicable only as to felony
offenses. Both driving under the influence and failure to control are misdemeanors and, as such, these offenses are governed by Crim.R. 11(E) which states:
"In misdemeanor cases involving petty offenses, the court may refuse toaccept a plea of guilty or no contest, and shall not accept such pleaswithout first informing the defendant of the effect of the plea ofguilty, no contest and not guilty."
 {¶ 8} Even if this court were to adhere to the more stringent standard as outlined in Crim.R. 11(C), in State v. Stewart (1977), 51 Ohio St.2d 86,364 N.E.2d 1163, the Ohio Supreme Court held that the provisions of Crim.R. 11(C) were met so long as there was substantial compliance with the provisions, and that omission did not constitute prejudicial error. Further, "substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." State v. Nero (1990),56 Ohio St.3d 106, 108, 564 N.E.2d 474. We have held that even in felony cases, a trial court's failure to inform the defendant that the state must prove guilt beyond a reasonable doubt is not a fatal flaw. See, e.g., State v. Styles (Oct. 9, 1997), Cuyahoga App. No. 71052.
 {¶ 9} In the instant case, the record reflects that O'Linn was informed of the full ramifications of pleading no contest to these charges including: the six-year "look back" period for DUI offenses, including the possibility of a ten-year "look back period" due to pending legislation, enhanced penalties for future alcohol-related offenses, a fine of $800 to $10,000, driver's license suspension, the right to a jury trial, the right to subpoena witnesses and cross-examine them, waiver of the right to remain silent, and a full explanation of the ramifications of a no-contest plea compared to a guilty plea, and the resulting conviction.
 {¶ 10} Based on this colloquy, the trial court substantially complied with Crim.R. 11, and there is no indication of prejudice. In addition, there is nothing in the record that indicates that O'Linn would have pleaded otherwise, and the trial court's failure to inform him of the state's burden of proof beyond a reasonable doubt was not prejudicial.
 {¶ 11} The judgment of the trial court is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Rocky River Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Calabrese, JR., J., concurs.
 Gallagher, P.J., concurs with Separate concurring opinion.
 CONCURRING OPINION