JOURNAL ENTRY and OPINION
{¶ 1} Appellant Aaminah Nicole Smith appeals the trial court's denial of her motion to withdraw her guilty plea. Smith assigns the following errors for our review:
"I. The appellant did not knowingly and voluntarily waive herrights as required by Criminal Rule 11, O.R.C. 2943.032 andO.R.C. 2967.28 with full knowledge of the maximum post-releasesentence that could be imposed when she entered a change ofplea."
 "II. The trial court erred in failing to grant appellant'smotion to withdraw her plea of guilty."
 "III. The trial court's denial of a request for a competencyevaluation denied appellant due process of law as guaranteed bythe Fourteenth Amendment to the United States Constitution,Article One, Section Sixteen of the Ohio Constitution todetermine whether she is incapable of understanding the natureand objective of the proceedings against her or presentlyassisting in her defense."
 {¶ 2} Having reviewed the record and pertinent law, we vacate the plea and remand for proceedings consistent with this opinion. The apposite facts follow.
 {¶ 3} On the night of October 28, 2003, Smith visited three clubs with her cousin and a friend. Smith consumed several double shots of alcohol and became highly intoxicated. At approximately 3:20 a.m., while driving home on a suspended license, Smith struck and killed a female pedestrian in the 14500 block of Euclid Avenue.
 {¶ 4} On November 5, 2003, the Cuyahoga County Grand Jury indicted Smith on five counts, which were aggravated vehicular homicide, with specification for driving under suspension, driving under the influence ("DUI"), and failure to stop after an accident, with a furthermore clause for causing the death of another.
 {¶ 5} On February 11, 2004, Smith pleaded guilty to one count of aggravated vehicular homicide, pursuant to a plea agreement with the State of Ohio. On March 16, 2004, the trial court sentenced Smith to a prison term of five years. Smith appealed the imposed sentence as contrary to law, arguing it was more than the minimum and excessive under the circumstances.
 {¶ 6} On July 28, 2005, we reversed and vacated Smith's sentence because the trial court failed to make the necessary findings to support the imposition of a nonminimum sentence.[1] We also found that the trial court used the elements of the offense itself to enhance the penalty. Finally, though not raised on appeal, we found that the record demonstrated that plain error occurred during Smith's plea hearing because no one mentioned that Smith was subject to post-release control for the offense; thus, the trial court should not have accepted the plea.[2]
 {¶ 7} After remand to the trial court, Smith filed a motion to withdraw her guilty plea. Smith alleged she would not have pleaded guilty if she had known that her sentence included a five-year post-release control. On November 1, 2005, the trial court denied Smith's motion to withdraw her guilty plea. The trial court then resentenced Smith to a five-year prison term.
 Post-Release Control {¶ 8} In the first assigned error, Smith argues she did not knowingly enter her guilty plea because the trial court failed to advise her of post-release control. We agree.
 {¶ 9} R.C. 2943.032(E) requires that, prior to accepting a guilty plea for which a term of imprisonment will be imposed, the trial court must inform a defendant regarding post-release control sanctions in a reasonably thorough manner.[3]
Post-release control constitutes a portion of the maximum penalty involved in an offense for which a prison term will be imposed.[4]
 {¶ 10} Directly pertinent to this assigned error is that a defendant must know the maximum penalty involved before the trial court may accept his guilty plea.[5] Crim.R. 11(C)(2) requires the court to first address a defendant entering a guilty plea, personally, and determine, inter alia, that the defendant is making the plea with an understanding of the maximum penalty involved.
 {¶ 11} The Ohio Supreme Court has noted that a trial court's failure to provide post-release notification before accepting a guilty or no-contest plea may form the basis to vacate the plea.[6] Further, this court and the courts of eight other appellate districts agree that where the trial court failed to personally address a defendant and inform him or her of the maximum length of the post-release control period before accepting the guilty plea, the court fails to substantially comply with Ohio Crim.R. 11(C)(2)(a) and R.C.2943.032(E).[7]
 {¶ 12} In the instant case, we raised as plain error, in Smith's first appeal, the trial court's failure to advise Smith that she would be subject to post-release control.[8]
Because the trial court failed to advise Smith of post-release control, Smith did not knowingly enter her guilty plea.
 {¶ 13} In conclusion, we note res judicata does not bar Smith's argument. In her first appeal, this court found plain error in the trial court's failure to advise Smith of post-release control. The law of the case doctrine provides that the decision of a reviewing court in a particular case remains the law of that case for all subsequent proceedings.[9]
Accordingly, we sustain the first assigned error.
 {¶ 14} Our disposition of Smith's first assigned error, renders the remaining errors moot.[10]
Judgment plea vacated and case remanded.
This cause is vacated and remanded.
It is, therefore, ordered that said appellant recover of said appellee her costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Rocco, P.J., and Corrigan, J., concur.
[1] State v. Smith, Cuyahoga App. No. 85245, 2005-Ohio-383.
[2] Id.
[3] See Woods v. Telb, 89 Ohio St.3d 504, 2000-Ohio-171.
[4] Id.
[5] State v. Corbin, 141 Ohio App.3d 381, 387,2001-Ohio-4140.
[6] State v. Jordan, 104 Ohio St.3d 21, 2004-Ohio-6085.
[7] See State v. Pendleton (June 23, 2005), Cuyahoga App. No. 84514, 2005-Ohio-3126; State v. Brown (Nov. 1, 2002), 1st Dist. Nos. C-020162, C-020163, C-020164, 2002-Ohio-5983; State v.Carnicom (Sept. 5, 2003), 2nd Dist. No. 2003-CA-4, 2003-Ohio-4711; State v. Haynie (May 17, 2004), 3rd Dist. No. 9-03-52 157, Ohio App.3d 708, 2004-Ohio-2452; State v. Windle
(Dec. 15, 2004), 4th Dist. No. 03CA16, 2004-Ohio-6827; State v.Lamb (Feb. 6, 2004), 6th Dist. No. OT-03-003,156 Ohio App.3d 128, 2004-Ohio-474; State v. Tucci (Dec. 11, 2002), 7th Dist. No. 01 CA 234, 2002-Ohio-6903; State v. Johnson (Jan. 16, 2004), 11th Dist. No. 2002-L-024, 2004-Ohio-331; and State v.Prom (Dec. 8, 2003), 12th Dist. No. CA2002-01-007,2003-Ohio-6543.
[8] Smith, supra, Cuyahoga App. No. 85245, 2005-Ohio-383.
[9] Nolan v. Nolan (1984), 11 Ohio St.3d 1, 3.
[10] App.R. (12)(A)(1)(C).