JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Randy Collins (Collins) appeals from his convictions in the Cuyahoga County Court of Common Pleas. Collins argues that his pleas are unconstitutional because the trial court failed to explain the consequences of postrelease control upon his sentence at the time of his plea. For the following reasons, we affirm Collins's plea and conviction.
 {¶ 2} On May 24, 2007, a Cuyahoga County grand jury returned a one-count indictment charging Collins with domestic violence with a prior conviction specification in Case No. CR-496458.
 {¶ 3} On December 10, 2007, a Cuyahoga County grand jury returned an additional one-count indictment against Collins, charging him with escape in Case No. CR-504419.
 {¶ 4} On January 11, 2008, Collins pled guilty to domestic violence as indicted in the first case and to the amended charge of attempted escape in connection with the second case.
 {¶ 5} On February 4, 2008, Collins was sentenced to four and one-half years in prison: one and one-half years in prison on the domestic violence offense and three years in prison on the attempted escape offense, to be served consecutively.
 {¶ 6} Collins appeals his pleas, raising the following assignment of error:
 "The trial court committed reversible error when Defendant-Appellant's guilty pleas were accepted without a full and complete explanation of the consequence of post-release control." *Page 4 
 {¶ 7} In his assigned error, Collins argues that the "full and complete explanation" must necessarily include statutory section (E) in R.C. 2943.032, which reads in pertinent part:
 "If the offender violates the terms and conditions of a post-release control sanction imposed by the parole board upon the completion of the stated prison term, the parole board may impose upon the offender, a residential sanction that includes a prison term up to nine months."
 {¶ 8} At most and at best, Collins argues, the trial court only alluded to the possibility that Collins was subject to postrelease control and that if he violated the terms and conditions of postrelease control, he could suffer reimposition of "one half of the time he was sentenced to." We disagree.
 {¶ 9} During the plea hearing, the following colloquy took place:
 "THE COURT:
 [Y]ou're subject, as you are in the next count with the other case, to post-release control of up to three years upon your release. Do you understand that?
 THE DEFENDANT:
 Yes, sir.
 THE COURT:
 And if you violate post release control, they can give you half the time that you've been sentenced to.
 The other case, Case 504419, is an escape, and it's because you didn't report after you were released, so because you were in detention for a felony of the first or second degree, that makes this a felony of the third degree *** [t]hat's probationable.
 I mean, you're eligible for community control, but [you could receive] *Page 5 
one, two, three, four or five years in a State penal institution and a fine not to exceed up to $10,000.00.
 Do you understand that?
 THE DEFENDANT:
 Yes, sir.
 THE COURT:
 And that also is, you're subject then to post-release control, which I explained before, for up to three years. Got it?
 THE DEFENDANT:
 Yes, sir.
 THE COURT:
 Okay. Any questions?
 THE DEFENDANT:
 No, sir."
 {¶ 10} In support of his assignment of error, Collins cites State v.Smith, Cuyahoga App. No. 87253, 2006-Ohio-4271. In Smith, we held that in order to make a knowing, voluntary, and intelligent plea, R.C. 2943.032(E) requires that, prior to accepting a guilty plea for which a term of imprisonment will be imposed, the trial court must inform a defendant regarding postrelease control in a reasonably thorough manner.
 {¶ 11} In the case sub judice, the trial court informed Collins that he would be subject to a period of postrelease control for up to three years upon his release from prison, and also that he could be subject to a residential sanction of up to one-half of *Page 6 
his original sentence in the event of a postrelease control violation. The trial court did not merely allude to the possibility of postrelease control as a part of Collins's sentence. Therefore, Collins was aware of the maximum penalty involved at the time of his plea.
 {¶ 12} The trial court's failure to specifically inform Collinsverbatim of the consequences of statutory sections (A) through (E) in R.C. 2943.032 does not invalidate Collins's plea. The import ofSmith is that defendants be informed of the maximum penalty they face before they plead guilty so that they can make a knowing, intelligent, and voluntary plea for purposes of Crim. R. 11.
 {¶ 13} The colloquy antecedent to Collins's guilty plea indicates that, while he may not have heard every word of statutory sections (A) through (E), he was aware of the maximum penalty he faced. Therefore, under Smith, the court substantially complied with the statute and Crim. R. 11 in administering the plea.
 {¶ 14} Defendant's plea and sentence are constitutionally valid.
 {¶ 15} Collins's first assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 *Page 7 
of the Rules of Appellate Procedure.
 KENNETH A. ROCCO, P.J., and FRANK D. CELEBREZZE, JR., J., CONCUR. *Page 1