[Cite as *State v. Diefenbacher*, 2013-Ohio-4428.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

|  |  |  |
|---|---|---|
| STATE OF OHIO, | : | CASE NO. CA2012-09-178 |
| Plaintiff-Appellee, | : | |
| | : | O P I N I O N<br>10/7/2013 |
| - vs - | : | |
| | : | |
| JODY SHANE DIEFENBACHER, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2011-07-1086

Michael T. Gmoser, Butler County Prosecuting Attorney, Kimberly L. McManus, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Fred S. Miller, Baden & Jones Building, 246 High Street, Hamilton, Ohio 45011, for defendant-appellant

**M. POWELL, J.**

{¶ 1} Defendant-appellant, Jody Shane Diefenbacher, appeals his conviction in the Butler County Common Pleas Court for illegal manufacture of drugs, following his guilty plea to that charge. Diefenbacher argues his guilty plea was not made knowingly, intelligently and voluntarily. For the reasons that follow, we disagree with Diefenbacher's argument and affirm his conviction.

{¶ 2} Diefenbacher was indicted for illegal manufacture of drugs committed in the vicinity of a juvenile in violation of R.C. 2925.04, a first-degree felony; illegal assembly or possession of chemicals for the manufacture of drugs in violation of R.C. 2925.041, a second-degree felony; aggravated possession of drugs in violation of R.C. 2925.11, a third-degree felony; and receiving stolen property in violation of R.C. 2913.51(A), a fourth-degree felony. A jury convicted Diefenbacher on the charges of aggravated possession of drugs and receiving stolen property, but deadlocked on the charges of illegal manufacture of drugs and illegal assembly or possession of chemicals for the manufacture of drugs. The trial court declared a mistrial on the deadlocked charges.

{¶ 3} The parties subsequently entered into a plea bargain agreement with respect to the two deadlocked charges. The state agreed to merge the charge of illegal assembly or possession of chemicals for the manufacture of drugs into the charge of illegal manufacture of drugs and to reduce the charge of illegal manufacture of drugs from a first-degree felony to a second-degree felony, and Diefenbacher, in return, agreed to plead guilty to the reduced charge. The trial court sentenced Diefenbacher to six years in prison for illegal manufacture of drugs, 30 months in prison for aggravated possession of drugs and 17 months in prison for receiving stolen property, and ordered him to serve all of the prison terms concurrently.

{¶ 4} Diefenbacher appeals, assigning the following as error:

{¶ 5} Assignment of Error No. 1:

{¶ 6} THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT WHEN IT ACCEPTED A GUILTY PLEA THAT WAS NOT MADE KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY.

{¶ 7} Diefenbacher argues his guilty plea to the charge of illegal manufacture of drugs was not made knowingly, intelligently and voluntarily because he was led to believe that he would receive a mandatory three-year prison sentence rather than a six-year prison

sentence. We disagree with this argument.

{¶ 8} At the plea acceptance hearing, there was some initial confusion regarding whether Diefenbacher was pleading guilty to a first-degree felony or a second-degree felony. This confusion led the trial court to believe that Diefenbacher was pleading to a *first*-degree felony charge of illegal manufacture of drugs. As a result, the trial court began its Crim.R. 11 plea colloquy with Diefenbacher by advising him that a first-degree felony charge carries a maximum penalty of 11 years in prison and a mandatory minimum term of four years in prison. When the trial court asked Diefenbacher if he understood this, Diefenbacher replied, "No sir. I was told mandatory was three years." Diefenbacher's counsel interjected, "Not the enhancement." The prosecutor then stated that changes had to be made to the plea form. As a result, the plea acceptance hearing was temporarily adjourned and the plea forms were altered to reflect that Diefenbacher was pleading guilty to the offense of illegal manufacture of drugs, a second-degree felony.

{¶ 9} Upon reconvening, the trial court addressed Diefenbacher and stated, as folllows:

> THE COURT: * * * Mr. Diefenbacher * * *, it's my understanding that you will enter a plea of guilty today to an illegal manufacturing of drugs, a felony of the second degree that would carry a maximum penalty of eight years in prison and a $15,000 fine. However, $7,500 of that is a mandatory fine, and further carries a six-month to five-year driver's license suspension.
>
> And the Court must impose a term of imprisonment, and it is mandatory in this particular case, and a minimum term the Court could impose would be three years in prison. Do you understand that?
>
> THE DEFENDANT: Yes sir.

{¶ 10} Upon further questioning from the trial court during the plea colloquy, Diefenbacher testified that he was a high school graduate, that he could read and write and that he understood the English language. Diefenbacher denied that any promises were

- 3 -

made to him to induce his guilty plea. He also denied being currently under the influence of any medication, alcohol or drugs and acknowledged that he had an opportunity to consult with his attorney and that he was satisfied with his attorney's advice.

{¶ 11} Diefenbacher asserts that his plea colloquy with the trial court shows that he was confused regarding the length of the sentence he was going to have to serve. He contends that the statements he made to the trial court showed that he believed he was pleading to something that would require him to serve three years mandatory time. He acknowledges that the trial court later clarified that three years was the mandatory minimum term for the offense to which he was pleading guilty and that he could be sentenced for up to eight years in prison, but he asserts that the trial court should have "disabuse[d]" him of his understanding that he was to serve only three years in prison. We find this argument unpersuasive.

{¶ 12} "[W]hen a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently and voluntarily." *State v. Birch*, 12th Dist. Butler No. CA2010-10-256, 2012-Ohio-543, ¶ 12, citing *State v. Engle*, 74 Ohio St.3d 525, 527 (1996). Crim.R. 11 provides trial courts with detailed instructions to follow before accepting a plea of guilty or no contest. *Birch* at ¶ 12.

{¶ 13} Crim.R. 11(C) states, in pertinent part:

(2) In felony cases the court * * * shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:

(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

{¶ 14} A trial court's duty under Crim.R. 11(C)(2)(a) to advise a defendant about the penalty involved for an offense concerns a non-constitutional aspect of the advice a trial court

- 4 -

must give to the defendant when accepting the defendant's plea; therefore, substantial compliance with this provision of Crim.R. 11 is sufficient so long as no prejudice results. *See State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, ¶ 14-21 (discussing the concepts of "strict" and "substantial" compliance with the provisions in Crim.R. 11[C][2]). "'Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving.'" *Id.* at ¶ 15, quoting *State v. Nero*, 56 Ohio St.3d 106, 108 (1990). Furthermore, "a defendant must show prejudice before a plea will be vacated for a trial court's error involving Crim.R. 11(C) procedure when nonconstitutional aspects of the colloquy are at issue." *Veney* at ¶ 17. "To demonstrate prejudice in this context, the defendant must show that the plea would otherwise not have been entered." *Veney* at ¶ 15, citing *Nero*.

{¶ 15} Here, the trial court correctly advised Diefenbacher that the maximum term of imprisonment for the offense to which he was pleading guilty was eight years in prison. The trial court also advised Diefenbacher that it was mandatory that the court impose a term of imprisonment in this case and that "a minimum term the Court could impose would be three years in prison." Upon inquiry from the trial court, Diefenbacher indicated that he understood the foregoing. Admittedly, it would have been preferable for the trial court to use the word "the" instead of "a" when it advised Diefenbacher that "*a* minimum term the Court could impose would be three years in prison." (Emphasis added.) Nevertheless, it is apparent from these proceedings that Diefenbacher understood both the maximum and minimum penalty involved with the offense to which he was pleading guilty and that no promises had been made to him other than the ones involving his plea bargain with the state.

{¶ 16} Appellant's statement to the trial court that the mandatory minimum sentence for a second-degree felony was three years was made in response to the trial court's advising him that the mandatory minimum for a *first*-degree felony was four years. The trial court had

so advised appellant because, at that point in the proceedings, the court was under the mistaken belief that appellant was pleading to a *first*-degree felony when, in fact, he was pleading to a *second*-degree felony. Diefenbacher's statement was not, as he now claims on appeal, a clear indication that he believed that he would be sentenced to no more than three years in prison. If Diefenbacher actually believed that he would be sentenced to no more than three years in prison, he, undoubtedly, would have raised this belief at the time the trial court sentenced him to six years in prison, yet he did not do so.

{¶ 17} In light of the foregoing, Diefenbacher's assignment of error is overruled.

{¶ 18} Judgment affirmed.

RINGLAND, P.J., and PIPER, J., concur.