[Cite as *State v. Irvin*, **2013-Ohio-5209**.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

STATE OF OHIO,                                    :

      Plaintiff-Appellee,                   :

                                   :

  - vs -

                                   :

DONTE IRVIN,                                       :

      Defendant-Appellant.              :

CASE NO. CA2013-03-027

O P I N I O N
11/25/2013

CRIMINAL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 12CR28659

David P. Fornshell, Warren County Prosecuting Attorney, Michael Greer, 500 Justice Drive, Lebanon, Ohio 45036, for plaintiff-appellee

Andrew J. Brenner, 7588 Central Parke Boulevard, Suite 133, Mason, Ohio 45040, for defendant-appellant

     **M. POWELL, J.**

    **{¶ 1}** Defendant-appellant, Donte Irvin, appeals from his conviction in the Warren County Court of Common Pleas for assault of an employee of the Department of Rehabilitation and Corrections. For the reasons stated below, we affirm appellant's conviction.

    **{¶ 2}** Appellant was indicted on October 1, 2012 on one count of assault, a felony of

the fifth degree, in violation of R.C. 2903.13(A). The state alleged that on June 1, 2012, appellant, an inmate at Warren Correctional Institution, did knowingly cause physical harm to a corrections officer. On February 6, 2013, appellant entered a guilty plea as charged in the indictment. Before accepting appellant's plea, the trial court informed appellant of a number of rights he would be forfeiting by entering a guilty plea. The court then accepted appellant's plea and sentenced him to six months imprisonment consecutive to the prison sentence appellant was currently serving.

{¶ 3} Appellant now appeals, raising a sole assignment of error:

{¶ 4} THE TRIAL COURT ERRED BY ACCEPTING APPEL[L]ANT'S PLEA OF GUILTY.

{¶ 5} Appellant's sole challenge to his guilty plea is that the trial court did not determine that he understood the nature of the charge to which he was pleading and the status of his indictment. Appellant maintains that because of these errors, the guilty plea should be vacated and the matter should be reversed and remanded to the trial court.

{¶ 6} "'When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution.'" *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, ¶ 7, quoting *State v. Engle*, 74 Ohio St.3d 525, 527 (1996). Crim.R. 11(C) governs the process that a trial court must use before accepting a felony plea of guilty or no contest. "Before accepting a guilty plea * * * the court must make the determinations and give the warnings required by Crim.R. 11(C)(2)(a) and (b) and notify the defendant of the constitutional rights listed in Crim.R. 11(C)(2)(c)." *Veney* at ¶ 13.

{¶ 7} As pertinent to this case, Crim.R. 11(C)(2)(a) provides that the trial court must address the defendant personally and determine that the defendant "is making the plea

voluntarily, with understanding of the nature of the charges * * *." A trial court's duty under Crim.R. 11(C)(2)(a) to determine that the defendant understand the nature of the charges concerns a non-constitutional aspect of the advice a trial court must give to the defendant when accepting the defendant's plea. *State v. Diefenbacher*, 12th Dist. Butler No. CA2012-09-178, 2013-Ohio-4428, ¶ 14, citing *Veney* at ¶ 14-21. Therefore, substantial compliance with this provision of Crim.R. 11 is sufficient so long as no prejudice results. *Diefenbacher* at ¶ 14. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *Id.* Furthermore, "a defendant must show prejudice before a plea will be vacated for a trial court's error involving Crim.R. 11(C) procedure when nonconstitutional aspects of the colloquy are at issue." *Id.* "To demonstrate prejudice in this context, the defendant must show that the plea would otherwise not have been entered." *Id.*

{¶ 8} We find that the trial court substantially complied with its obligation to determine that appellant understood the nature of the charge to which he was pleading. At the hearing, the court recited that appellant was pleading guilty to "count one, assault of a corrections officer as charged." The court asked appellant if he understood what was happening. Appellant confirmed that he understood. Appellant also affirmed that he signed the change of plea form. The change of plea form stated that he was pleading guilty to assault, a fifth-degree felony, identified the section number of the statute, and indicated that appellant had been "fully informed by my counsel and by the Court of the charge against me."

{¶ 9} In a similar case, the Eleventh District affirmed a guilty plea when the court referred to the name and the degree of the charge during the colloquy, the written guilty plea was signed by the defendant stated the name of the charge and the Revised Code section number, and the defendant stated that he discussed the charge with his attorney. *State v. Johnson*, 11th Dist. Lake No. 2002-L-024, 2004-Ohio-331, ¶ 16. The court reasoned that

information in a guilty plea form may be used to determine if the defendant understood the nature of the charges. *Id. See State v. Boyd*, 8th Dist. Cuyahoga No. 98342, 2013-Ohio-30, ¶ 17 (understood nature of charge when trial court informed appellant of name of charges and corresponding felony degrees).

{¶ 10} Additionally, this court has looked to the information contained in written plea forms to determine whether a trial court compiled with the non-constitutional provisions of Crim.R. 11(C)(2). *State v. Whitesell*, 12th Dist. Butler No. CA2005-04-100, 2006-Ohio-1781, ¶ 23 (plea was valid despite improper colloquy because plea form properly notified defendant about postrelease control). *See State v. Brandenburg*, 12th Dist. Butler No. CA2007-07-155, 2008-Ohio-3593, ¶ 40-41.

{¶ 11} Lastly, we reject appellant's claim that the trial court's failure to make him aware of any additional charges that were a part of the plea agreement constitutes error. Appellant was charged in a single count indictment. There were no other charges.

{¶ 12} Consequently, the trial court did not err in accepting appellant's guilty plea. Appellant's sole assignment of error is overruled.

{¶ 13} Judgment affirmed.

HENDRICKSON, P.J., and PIPER, J., concur.