[Cite as *State v. Chasteen*, 2014-Ohio-1129.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2013-07-129 |
| | : | O P I N I O N |
| - vs - | | 3/24/2014 |
| | : | |
| GLENN CHASTEEN, | : | |
| Defendant-Appellant. | : | |


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2012-10-1756


Michael T. Gmoser, Butler County Prosecuting Attorney, Michael A. Oster, Jr., Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

John T. Willard, P.O. Box 35, Hamilton, Ohio 45012, for defendant-appellant


**RINGLAND, P.J.**

{¶ 1} Defendant-appellant, Glenn Chasteen, appeals his conviction from the Butler County Court of Common Pleas following his guilty plea.

{¶ 2} On October 31, 2012, Chasteen was indicted on one count each of having weapons under disability, carrying concealed weapons, receiving stolen property, and speeding.

{¶ 3}  Pursuant to an agreement with the state, Chasteen pled guilty to one count of carrying concealed weapons, a felony of the fourth degree in violation of R.C. 2923.12(A)(2), and one count of receiving stolen property, a felony of the fourth degree in violation of R.C. 2913.51.  The weapons under disability and speeding counts were merged.

{¶ 4}  The trial court accepted Chasteen's plea and sentenced him to two consecutive sentences of 18 months in prison.

{¶ 5}  Chasteen appeals from that judgment, raising a single assignment of error for our review.

{¶ 6}  Assignment of Error No. 1:

{¶ 7}  THE COURT COMMITTED ERROR IN FAILING TO PLACE UPON THE RECORD THE UNDERLYING PLEA AGREEMENT UPON WHICH THE PLEA IN THE INSTANT CASE WAS BASED CONTRARY TO OHIO CRIMINAL RULE OF PROCEDURE 11(F).

{¶ 8}  Within this assignment of error, Chasteen argues that, "[w]hen a court fails to insure [sic] that when a negotiated plea is entered into, [ ] the underlying agreement is fully placed upon the record, the case must be reversed as being contrary to Criminal Rule 11(F)."

{¶ 9}  In *State v. Pettiford*, 12th Dist. Fayette No. CA2001-08-014, 2002-Ohio-1914, ¶ 14, this court noted that:

> Crim.R. 11(F) mandates that a felony plea agreement must be read into the record.  When accepting a plea implicates constitutional rights, the trial court's acceptance of the plea will be affirmed so long as the trial court substantially complied with the requirements of Crim.R. 11 and engaged in a meaningful dialogue with the defendant which explained the defendant's constitutional rights "in a manner reasonably intelligible to that defendant."  When nonconstitutional rights given by Crim.R. 11 are implicated in the acceptance of a plea, the trial court will be affirmed so long as the court substantially complied with the requirements of Crim.R. 11 and the defendant subjectively understood the implications of his plea and the nature of the nonconstitutional rights he was waiving.  (Internal citations

- 2 -

omitted.)

{¶ 10} A review of the transcript of the plea hearing reveals that the plea agreement was properly read into the record. It is not necessary for the trial court to recite certain magical words in order to comply with Crim.R. 11 so long as it substantially complied with the rule. Here, the following interaction between the trial court and Chasteen satisfied that requirement:

> THE COURT: As far as promises made, Mr. Chasteen, it seems to me that you've been given a promise; and that is that Counts I and IV are going to be taken off the table or merged. * * * Is that the way you see it Mr. Chasteen?
>
> CHASTEEN: Yes.
>
> * * *.
> THE COURT: Beyond that, have you been promised anything else, Mr. Chasteen?
>
> CHASTEEN: No.

{¶ 11} In addition, the plea form that Chasteen signed specifically recites that "[n]o promises have been made except as part of this plea agreement stated entirely as follows: Counts 1 & 4 are merged." The terms of the plea agreement, being that counts 1 and 4 would be merged in return for a guilty plea on counts 2 and 3, was both read into the record by the trial court and recited on the plea form signed by Chasteen. We find no error by the trial court, nor any prejudice to Chasteen.

{¶ 12} In light of the foregoing, having found that the trial court complied with Crim.R. 11(F) when it read the plea agreement into the record, Chasteen's sole assignment of error is overruled.

{¶ 13} Judgment affirmed.

HENDRICKSON and PIPER, JJ., concur.