[Cite as *State v. Steinmetz*, 2014-Ohio-2235.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


STATE OF OHIO,                                 :

      Plaintiff-Appellee,              :

                                 :

      - vs -

                                   :

MICHAEL STEINMETZ,                      :

      Defendant-Appellant.           :

CASE NO.   CA2013-10-185

O P I N I O N
5/27/2014


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2013-05-0810


Michael T. Gmoser, Butler County Prosecuting Attorney, Kimberly L. McManus, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

John T. Willard, P.O. Box 35, Hamilton, Ohio 45012, for defendant-appellant


**S. POWELL, J.**

{¶ 1}   Defendant-appellant, Michael Steinmetz, appeals from his conviction and sentence he received in the Butler County Court of Common Pleas following his guilty plea to one count of breaking and entering.  For the reasons outlined below, we reverse and remand for further proceedings.

{¶ 2}   On the evening of April 30, 2013, Steinmetz was seen breaking into The Money Store located at 1990 South Erie Highway, Hamilton, Butler County, Ohio.  After police

arrived, Steinmetz was arrested having been found hiding behind several 50-gallon drums. Following his arrest, the Butler County grand jury indicted Steinmetz on one count of breaking and entering in violation of R.C. 2911.13(A), a fifth-degree felony, as well as one count of resisting arrest in violation of R.C. 2921.33(A), a second-degree misdemeanor.

{¶ 3} On June 24, 2013, the trial court held a plea hearing wherein Steinmetz agreed to plead guilty to the breaking and entering charge in exchange for the merger of the resisting arrest charge. As part of this hearing, the state specifically stated on the record and in open court that Steinmetz "now will enter a plea to Count 1, breaking and entering, felony of the 5th degree, Count 2 being merged." Steinmetz also signed a guilty plea form that explicitly stated "[n]o promises have been made except as part of this plea agreement stated entirely as follows: merge count two." Steinmetz never offered any objection at the plea hearing.

{¶ 4} On September 9, 2013, the trial court held a sentencing hearing and sentenced Steinmetz to 12 months in prison. Steinmetz now appeals from his conviction and sentence, raising two assignments of error for review. For ease of discussion, Steinmetz's two assignments of error will be addressed out of order.

{¶ 5} Assignment of Error No. 2:

{¶ 6} THE TRIAL COURT IN THE INSTANT CASE COMMITTED REVERSIBLE ERROR WHEN IT FAILED TO ADVISE THE APPELLANT PRIOR TO ENTERING HIS PLEA THAT UPON ACCEPTANCE OF THE PLEA, THE COURT COULD PROCEED WITH JUDGMENT AND SENTENCE AS REQUIRED BY CRIMINAL RULE 11(C)2B AND FURTHER COMMITTED ERROR WHEN IT FAILED TO ADVISE THE APPELLANT THAT THE STATE WOULD HAVE TO PROVE THE DEFENDANTS GUILTY BEYOND REASONABLE DOUBT AS REQUIRED BY CRIMINAL RULE 11(C)2C AND FURTHER COMMITTED REVERSIBLE ERROR WHEN IT FAILED TO ADVISE THE APPELLANT OF THE MAXIMUM PENALTY INVOLVED AS REQUIRED BY CRIMINAL RULE 11(C)2A.

{¶ 7} In his second assignment of error, Steinmetz argues his guilty plea was invalid because the trial court failed to comply with the requirements of Crim.R. 11(C). Pursuant to Crim.R. 11(C), before accepting a guilty plea, "the court must make the determinations and give the warnings required by Crim.R. 11(C)(2)(a) and (b) and notify the defendant of the constitutional rights listed in Crim.R. 11(C)(2)(c)." *State v. Irvin*, 12th Dist. Warren No. CA2013-03-027, 2013-Ohio-5209, ¶ 6, quoting *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, ¶ 7. "A trial court must strictly comply with Crim.R. 11(C)(2)(c) and orally advise a defendant before accepting a felony plea that the plea waives the defendant's constitutional rights." *State v. Ackley*, 12th Dist. Madison No. CA2013-04-010, 2014-Ohio-876, ¶ 9. When a trial court fails to strictly comply with this duty, the defendant's plea is invalid. *Id.*, citing *Veney* at ¶ 31. However, regarding the non-constitutional notifications, a trial court must only substantially comply with Crim.R. 11(C)(2)(a) and (b). *Id.*

{¶ 8} The state concedes the trial court erred by failing to comply with the requirements of Crim.R. 11(C), including the fact that the trial court did not strictly comply with Crim.R. 11(C)(2)(c). After a thorough review of the record, we agree the trial court failed to strictly comply with the requirements of Crim.R. 11(C)(2)(c), thereby rendering Steinmetz's guilty plea invalid. We also find the trial court failed to substantially comply with the requirements of Crim.R. 11(C)(2)(a) and (b). Therefore, Steinmetz's second assignment of error is sustained and this matter is reversed and remanded for further proceedings. Upon remand, the trial court must give the non-constitutional notifications required by Crim.R. 11(C)(2)(a) and (b) and notify Steinmetz of the constitutional rights listed in Crim.R. 11(C)(2)(c) should Steinmetz wish to accept the state's plea agreement and once again enter a guilty plea.

{¶ 9} Assignment of Error No. 1:

{¶ 10} IF A NEGOTIATED PLEA IS NOT CLEARLY AND PLAINLY PLACED UPON

THE RECORD AS REQUIRED BY OHIO CRIMINAL RULE OF PROCEDURE 11(F), A REVERSAL OF THE CONVICTION AND SENTENCE IS WARRANTED.

{¶ 11} In his first assignment of error, Steinmetz argues his conviction and sentence must be reversed because the terms of his plea agreement were not stated on the record and in open court as required by Crim.R. 11(F).

{¶ 12} Pursuant to Crim.R. 11(F), in felony cases, when a defendant offers a negotiated plea of guilty, such as the case here, "the underlying agreement upon which the plea is based shall be stated on the record in open court." In other words, under Crim.R. 11(F), the parties are required to state the plea agreement on the record at the time the defendant enters his guilty plea. *State v. Darnell*, 4th Dist. Gallia No. 02CA15, 2003-Ohio-2775, ¶ 8. "Prudence also dictates that a plea agreement be in writing." *State v. Billingsley*, 133 Ohio St.3d 277, 2012-Ohio-4307, ¶ 25. However, as this court recently stated, "[i]t is not necessary for the trial court to recite certain magical words in order to comply with Crim.R. 11 so long as it substantially complied with the rule." *State v. Chasteen*, 12th Dist. Butler No. CA2013-07-129, 2014-Ohio-1129, ¶ 10.

{¶ 13} As noted by the Ohio Supreme Court, "a contemporaneous objection is necessary to preserve error for appellate review of a violation of Crim.R. 11(F)." *State v. Bethel*, 110 Ohio St.3d 416, 2006-Ohio-4853, ¶ 89. Without such contemporaneous objection, a defendant "cannot prevail on his claim under Crim.R. 11(F) unless he shows plain error." *Id.* at ¶ 90. Pursuant to Crim.R. 52(B), plain error exists where there is an obvious deviation from a legal rule that affected the outcome of the proceeding. *State v. Blanda*, 12th Dist. Butler No. CA2010-03-050, 2011-Ohio-411, ¶ 20, citing *State v. Barnes*, 94 Ohio St.3d 21, 27 (2002). Notice of plain error is to be taken with utmost caution and should be invoked only to prevent a clear miscarriage of justice. *State v. Blankenburg*, 197 Ohio App.3d 201, 2012-Ohio-1289, ¶ 53 (12th Dist.).

{¶ 14} Steinmetz did not raise any objections during his sentencing hearing. Yet, even if he had made the necessary objection, a review of the transcript of the plea hearing clearly demonstrates the plea agreement was properly read into the record and in open court as required by Crim.R. 11(F). Again, as part of Steinmetz's plea hearing, the state specifically stated on the record and in open court that Steinmetz "now will enter a plea to Count 1, breaking and entering, felony of the 5th degree, Count 2 being merged." Moreover, the guilty plea form Steinmetz signed explicitly states "[n]o promises have been made except as part of this plea agreement stated entirely as follows: merge count two." Therefore, as the record clearly demonstrates the trial court complied with the requirements of Crim.R. 11(F).

{¶ 15} However, even though we find the plea agreement was stated on the record as required by Crim.R. 11(F), based on our resolution of Steinmetz's second assignment of error, we find Steinmetz's first assignment of error moot. Again, as noted above, this matter must be reversed so that the trial court may properly comply with the requirements of Crim.R. 11(C) should Steinmetz wish to accept the state's plea agreement and once again enter a guilty plea.

{¶ 16} Judgment reversed and remanded for further proceedings.

HENDRICKSON, P.J., and M. POWELL, J., concur.